HENRY G. BYSTRA AND THE FIRST NATIONAL FARM LOAN ASSOCIATION, *Appellants,* v. FEDERAL LAND BANK OF COLUMBIA, *Appellee.*

Opinion Filed December 19, 1921.

1. Where particular and specific provisions are found in an instrument, they will govern in its construction, over matters stated in general terms.

2. Where by the terms of a note and mortgage it appears that the mortgage is not subject to foreclosure until there has been a default in one of the annual installments of principal and interest, a foreclosure suit brought before there has been such default is premature, and the demurrer setting up that infirmity in the bill should have been sustained.

An Appeal from the Circuit Court for Hernando County; W. S. Bullock, Judge.

Judgment reversed.

*Davant & Davant,* for Appellants;

*F. B. Coogler,* for Appellee.

BROWNE, C. J.—This is an apeal from an order overruling the demurrer to a bill for foreclosure of a mortgage given by Henry G. Bystra to the Federal Land Bank of Columbia, South Carolina.

The complainant below claimed the right to foreclose the mortgage and collect the entire amount of indebtedness secured thereby, because of the failure to pay the interest from March 17, 1919—the date of the execution of the mortgage—to January 1, 1921—the date when the amortization plan began to run.

The mortgage was given to secure the payment of $10,-000.00 in thirty-five annual installments; thirty-four for $650.00 each, and one, the last, for $615.00.

The note secured by the mortgage—called Amortization Note—provided for the payment of the interest and a certian proportion of the principal, on the first day of January of each year beginning January 1, 1921. When the thirty-fifth installment was paid, the indebtedness, both principal and interest, would be paid and satisfied.

Apparently for the purpose of making the installment periods coterminous with the calendar year, it was provided in the mortgage that the interest from the date of the mortgage, to the first day of January, 1920, should be paid on that date, but no payment was required on the principal until the 1st day of January, 1921; on that date and each year thereafter, for thirty-five years, the payments would be for the interest and certain installments on the principal.

In the preamble to the mortgage it was recited:

"Whereas, the said parties of the first part are indebted to The Federal Land Bank of Columbia, as evidenced by a certain promissory note, of even date herewith, for the principal sum of Ten Thousand and No/100 Dollars, ($10,000.00) payable to the order of The Federal Land Bank of Columbia, bearing interest at the rate of five and one-half (5½) per centum per annum from date to and including the first day of January, 1920, and thereafter with interest on the whole amount of said principal sum remaining from time to time unpaid at the rate of five and one-half (5½) per centum per annum payable annually, both prinicpal and interest being payable on an amortization plan, in thirty-four (34) annual installments of Six Hundred Fifty Dollars ($650.00) and No Cents each, and a final installment of Six Hundred Fourteen Dollars ($614.00) and No Cents, the first installment being payable on the 1st day of January, 1921, and each successive installment on the same date of each succeeding year thereafter until the entire principal sum, together with all interest thereon, is paid in full, and providing that in the event of default in the payment of any installment, or installments in accordance with the terms and tenor of said promissory note, said installment, or installments, shall bear simple interest from the date of such default until paid, at the rate of eight (8) per centum per annum, and providing further that after five (5) years from date, and on any regular installment date, additional payments in' the sum of twenty-five dollars ($25.00), or any multiples thereof, may be made, or the entire principal sum may be paid; all of which, and such other terms, conditions and agreements as therein contained, will more fully appear by reference to said note."

Paragraph 6 of the mortgage is as follows:

''And it is further covenanted, That, if the said parties of the first part, their heirs, executors, administrators or assigns, shall, as aforesaid, pay all installments specified in the note and in this mortgage according to the terms and conditions thereof, then this mortgage shall be null and void; but if the said parties of the first part, their heirs, executors, administrators or assigns, shall fail to pay any of the said installments of principal and interest as they become due and payable, or, shall fail to perform any of the terms, conditions and covenants as specified in the note or in this mortgage; or if default be made in the insurance agreement or in the payment of said taxes, assessments, liens, judgments or decrees as herein provided; or if the buildings and improvements, the value of which was a factor in determining the amount of the loan secured hereby, are not kept in as good repair as they now are, or if injury or waste is done or permitted, which impairs the value of the security of this mortgage; or if the proceeds derived from the said note and this mortgage are used for any purpose or purposes other than herein specified, or in case of a breach of any of the covenants or agreements contained herein, then at the option of the said The Federal Land Bank of Columbia, its successors or assigns, the whole principal sum of the said note remaining unpaid at that time, together with all accrued interest and all other sums including all advances made for taxes, assessments, liens, judgments or decrees, premiums of insurance, and charges of any kind, shall at once become due and payable without notice, and this mortgage may forthwith, and without further notice, be foreclosed for the whole amount of said sums, interest, costs and attorney's fees.''

The mortgage contains the usual provisions with regard

to insurance, injury and waste, the payment of taxes, insurance premiums, etc., but contains no specific provision that the failure to pay the interest that would accrue between the date of the mortgage and the first of January, 1920, would render the entire amount due and payable.

Where particular and specific provisions are found in an instrument, they will govern in its construction, over matters stated in general terms.

In the Amortization Note the terms ''annual installments,'' ''final installments,'' ''first installments'' and ''successive installments,'' are found, all relating to installments of principal and interest.

The note provides for the payment of the interest that would accrue from the date of the mortgage to the 1st of January, 1920, but there is nothing therein expressly providing that in default of the payment of this item of interest, the whole sum or principal of the note remaining unpaid with accrued interest shall at the option of the holder become immediately due and payable. Where that provision appears in the note, it relates to default ''in the payment of any installment or installments of this note.'' The note provides for the payment of the interest that would accrue up to January 1, 1920, and for ''the installments of interest and principal'' that would be payable on the first day of every year thereafter. It provides that default in the payment of the ''installments'' would make ''the whole sum of principal and interest remaining unpaid at that date, immediately due and payable,'' and omits attaching such penalty for the failure to pay the interest that would become due on the 1st of January, 1920. This shows an intention to place these two classes of payments upon a different basis. Support for this view is found in

the mortgage where the preamble recites: "Whereas, the said parties of the first part are indebted to The Federal Land Bank of Columbia  *  *  *   for the principal sum of $10,000.00 & No/100 Dollars  *  *  *   Both principal and interest being payable on an amortization plan," makes payments under the "amortization plan," the key to the whole situation.

What is known in the financial world as an amortization plan for the payment of an indebtedness, is one where there are partial payments of the principal, and accrued interest, at stated periods for a definite time, at the expiration of which the entire indebtedness will be extinguished. The payment of interest that would accrue up to the 1st of January, 1920, was not such a payment on the amortization plan and it was apparently not contemplated that on default thereof, the entire principal and interest would become immediately due and payable.

The mortgage shows the same intention as the note, by expressly stating that failure to pay "any of the said installments of principal and interest," would cause the entire sum of principal and interest to immediately become due and payable; this clearly means the installment that would not become due until January 1, 1921, and by not specifically providing, that for failure to pay the interest that would accrue on the 1st of January, 1920, the entire amount of the principal and interest should become immediately due and payable, the intention not to attach that penalty to such default, is clear.

Reading the note and mortgage together and considering the Amortization Plan adopted by The Federal Farm Loan Bank, whereby the mortgagor was to be enabled to secure the loan of money and pay for the same in thirty-five years,

by paying in installments the interest and proportionate part of the principal, it seems quite clear that the mortgage was not subject to foreclosure, until there had been a default in one of the annual "installments of principal and interest."

The bill for foreclosure having been brought before there was such a default, it was premature, and the demurrer should have been sustained.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.