**UNION CENTRAL LIFE INSURANCE COMPANY v. LORENZ NEUHOFF.**

24 So. (2nd) 906                        January Term, 1946
February 22, 1946                            En Banc

*McMullen, McMullen & Pogue,* for appellant.
*Ralph Richards,* for appellee.

THOMAS, J.:

The point presented for decision by this court was determined in the trial court on a motion to strike defendant's pleas and enter a judgment for the plaintiff, now appellee, who had brought suit to recover certain interest paid by him, under protest, to the appellant.

The facts are quite simple. Appellant lent appellee money bearing interest at five per cent and secured by a mortgage. This transaction was consummated 1 October 1935. On 15 November 1940 the lender, for certain considerations, agreed in writing to reduce the interest rate to four and one-half per cent from 1 April 1940. Upon the interpretation of one clause in this agreement hinges the decision of this appeal. The interest rate was lowered "on the condition that any *prepayment* of principal . . . within the first year from the date of this agreement shall be subject to a 2% penalty *and any such prepayment within the next two years from the date of this agreement shall be subject to a 1% penalty.*" We have italicized that part of the stipulation which is doubly important in a study of this controversy.

To continue with the facts—meanwhile it should be remembered that the contract was executed 15 November 1940—the mortgage was fully paid 1 April 1943 and the appellee was charged a penalty of one per cent. The question is, then, whether this was improperly exacted and should be returned.

The circuit judge held that judgment should be entered for the recovery of this premium.

The dispute arose because of the rather unfortunate phraseology we have quoted, apparently providing that both the one- and two-year periods should be computed "from the date of this agreement." Counsel for appellee urges us to invoke the rule of interpretation that ambiguities will be resolved against the parties responsible for them, and insists that it is appropriate to do so here because the rule is particularly "applied to insurance companies, and it so happens that the appellant . . . is an insurance company."

It is a primary rule of construction recognized in decisions of overwhelming number that the meaning of a contract will be determined from the entire instrument, and we believe that when applied here the intention of the parties may be collected without resorting to the rule for which appellee contends.

It is plain enough that the first period of one year, payment during which would carry a penalty of two per cent, ended 15 November 1941. If we were to invoke the secondary rule, asserted by appellee, the two-year period would have begun at the same time and would have expired before the prepayment, but so to construe the agreement would be to ignore the adjective "next." If this word is accorded any significance at all, it means that the second term of two years was intended to follow or succeed the first of one. We find nothing unreasonable in the provision that if the debt was discharged within a year there would be a premium of two per cent, if within the next two years one per cent, but if not paid within three years, the lender meanwhile receiving interest for the use of its money, the penalty, or premium, would vanish. Another reason for our view is that a contrary construction could have, had prepayment been made within the first year, actually caused conflict and confusion. If the terms were concurrent the question would have arisen whether the over-payment was two per cent under one clause or one per cent under the other.

The fallacy of appellee's second position is that frequent application of the secondary rule in litigation about insurance

policies does not arise from the nature of the contracting parties, but the nature of the contract. There is no cause to adopt a peculiar rule of interpretation of a contract like the one in the instant case simply because one of the parties, the lender, "happens" to be an insurance company. Such a contract of an insurance corporation should be judged by the same rules as a similar contract of an individual or of any other corporation.

It is our view that the judgment is erroneous and should be reversed and that the cause should proceed in accordance with the opinions we have expressed.

Reversed.

TERRELL, BUFORD and SEBRING, JJ., concur.

CHAPMAN, C. J., BROWN and ADAMS, JJ., dissent.

BROWN, J., dissenting:

The agreement between Lorenz Neuhoff and wife, Annie Neuhoff, and the Union Central Life Insurance Company was driven by the Birmingham, Alabama, Agent of the Union Central Life Insurance Company. It recites that the Neuhoffs had borrowed $300,000.00 from the Life Insurance Company, evidenced by their promissory note bearing interest at 5 per cent, dated October 1, 1935, secured by a mortgage on real estate; that the Neuhoffs had requested reduction in the interest rates. Then the agreement, dated November 15, 1940, stated that it was mutually agreed by and between the parties that:

"(1) The current interest rate on said loan shall be reduced to 4½ per cent. per annum, beginning April 1, 1940.

"(2) This reduction in interest is on the condition that any prepayment of principal whether partial or in full except by a bona fide purchaser within the first year from the date of this agreement shall be subject to a 2 per cent penalty and any such prepayment within the next two years from the date of this agreement shall be subject to a 1 per cent penalty. Any partial prepayments of principal within five years from the date of this instrument may be made only on a pay day as specified in the note, and shall be applied as a prepayment of the last maturing installments of principal according to the

original terms of said note and mortgage and shall not relieve the owners of said land, or other parties liable thereon, from the obligation of paying regular installments in accordance with the terms of said note and mortgage."

It is elementary that penalties are not favored by the law, and even if this agreed "penalty" could be considered as liquidated damages, the fact remains that the agreement was drawn by the mortgagee's agent, and that if there be any ambiguity in the agreement, I think it should be considered more strongly against the mortgagee, the party who drew it.

Counsel for appellee argue, and I think with good reason, that the agreement provides that if the mortgage is paid off within the first year from the date of the agreement, then the penalty shall be a 2 per cent penalty, but the agreement goes on to state that if the payment is made *within the next two years from the date of this agreement,* then the penalty shall be only 1 per cent. Since these provisions are somewhat conflicting, if the mortgagor had paid off the mortgage within the first year it is somewhat doubtful whether such payment would have been subject to a penalty of two per cent or of only one per cent. But this ambiguity is immaterial in view of the fact that the mortgage was not paid off until the expiration of two years from the date of the agreement, thus making the penalty only 1 per cent in accordance with the language thereof.

If the court below had held, as appellant contends it should have held, that the 1 per cent penalty applied for a period of three years, instead of "two years from the date of this agreement," would it not have amounted to a re-writing of the agreement between the parties? If the mortgagee had intended that this should be the agreement, it had every opportunity to insert such a provision therein, but since the mortgagee failed to draw the penalty provision in such a manner that it would apply for three years, I do not think that the trial court or this court would be justified in supplying this deficiency. See Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853; McGhee Interests v. Alexander National Bank, et al., 102 Fla. 140, 135 So. 545. Numerous other cases might be cited to this effect.

It is true that this principle of law has been very frequently applied to insurance contracts, but counsel for appellee readily concedes that "insurance companies are highly respectable organizations, and that there is no reason why the courts should deal with them any more harshly than with other organizations or individuals." But counsel argue, and I think with some force, that when an agent or attorney for an insurance company sets out to prepare a contract between the company and an individual, his first consideration is to protect the rights of the company. I think that same observation would apply to the attorney for any other corporation or individual. The general rule is, as above stated, that in construing written agreements or contracts, doubtful or ambiguous meanings are to be construed against the party who drew the instrument, unless the context—the plain purposes of the instrument—clearly remove the doubt or ambiguity. I think this agreement was drawn in such a manner that there was some doubt as to its meaning. The lower court resolved that doubt against the mortgagee, and I do not think that we would be justified in reversing his ruling and the consequent judgment.

CHAPMAN, C. J., and ADAMS, J., concur.