SHANNON, Judge.
The subject of this appeal is a summary judgment granted to the defendant-appel-lees. The plaintiff below was assignee of a contract for the sale of real estate entered into by David H. Russell and Frances Russell, his wife, as sellers, and in which a deposit of $10,000 was made.
In the contract of sale there was the following provision:
“The aforesaid property was purchased by the Sellers at a foreclosure sale to which foreclosure the United States Government was a party defendant. The United States Government has a period of One (1) year from the date of such sale within which to redeem said property. The Sellers agree that they will prior to *810 'the date of the closing of this transaction, secure a release of said right of redemption from the United States Government, or will fully indemnify the Buyer from all damages that may accrue from such redemption.
“The Sellers shall furnish an abstract of title certified to date, or title insurance showing a merchantable title to be vested in the Sellers. Title shall be conveyed by warranty deed, free of all encumbrances. This transaction shall be closed, the balance of the purchase price paid, and all necessary instruments shall be executed by the Sellers and the Buyer on or before May 15th, 1957. * * *”
At the closing date a deed which was tendered to the plaintiff had in it as follows :
“This conveyance is subject to the right of the United States Government to redeem said property which was sold in a foreclosure proceeding in which the Federal Government was party defendant. However, the grantors warrant and guarantee that they will indemnify and save the grantee harmless from all damages which -may accrue or which he may suffer if the said United States Government shall redeem said property within the redemption period as provided by law.”
The plaintiff refused to accept this deed and brought suit against the defendants claiming the deposit, together with its expenses, and loss of profits. A motion for summary judgment was filed by both of the parties in the suit, the defendants’ motion having been filed before the answer. The trial court granted the defendants’ motion for summary judgment and hence, this appeal.
The plaintiff, in its brief and in its argument, sets forth three points and the defendant, being dissatisfied with the three points, sets out two additional ones. Primarily, the controversy centered around the provisions above stated in the tendered deed.
The plaintiff maintains that it could not obtain the proper financing by reason of the above language in the deed and the defendants take the position that their contract with the plaintiff is complied with by tendering this deed.
The contract of the purchase had in it “title shall be conveyed by warranty deed, free of all encumbrances.” The deed, as plaintiff argues, was not a warranty deed by reason of the indemnity agreement contained in it. The lower court construed the language in the contract of the purchase, as well as in the deed, and came to the conclusion that the intention of the parties as provided for by the contract had been met and entered summary judgment.
We think that the lower court was correct in his construction of these two instruments. The contract shows that the parties knew about the right of redemption and had provided therein two methods that would be acceptable to the plaintiff: one, by defendants obtaining a release of the redemption right from the United States Government, or that they would fully indemnify the buyer from all damages which would accrue from such redemption. Under this language the defendants could do either of two things, secure a release from the United States Government or indemnify the plaintiff from all damages that may accrue from such redemption. By their tendered deed they chose the latter, which they had a right to do. The deed simply carries forward the right to indemnify as was provided by the contract. The lower court’s construction of these two instruments is in keeping with the often pronounced rule of law, that is, specific or particular provisions of an agreement are to be given such effect as to supersede provisions in conflict with them which have been stated in general terms. 5 Fla.Law and Practice, Contracts, Subsection 79, 7 Fla.Jur. 142, Subsection 77.
*811 There are assignments of error that we consider subsidiary to the question that we have decided and hence, they will stand affirmed.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.