132 So.2d 439 (1961)
Myron PROSER, Appellant,
v.
Martin BERGER and Prober Realty Co., Inc., a Florida corporation, Appellees.
No. 60-631.
District Court of Appeal of Florida. Third District.
August 10, 1961.
Rehearing Denied September 11, 1961.
Robert M. McClosky and Stanley S. Stein; Sibley, Grusmark, Barkdull & King, Miami Beach, for appellant.
Rothenberg, Burris & Englander and Morris Berick, Miami Beach, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
HORTON, Judge.
The Plaintiff, Proser, seeks review of an adverse final decree entered in a suit for accounting, declaratory decree and other equitable relief. This suit arose out of a written agreement entered into between *440 the parties on October 17, 1955. The agreement provided for a division of certain assets resulting in the appellee's becoming the sole stockholder of Prober Realty Co., Inc., which corporation owned real property in Pompano Beach, Broward County, Florida. The agreement provided, inter alia:
"10. It is agreed that the only consideration to be passed between the parties is as follows: the payment of Seventy-five Thousand ($75,000.00) Dollars from Martin Berger to Myron Proser, in manner following: by payment to Englander & Hoffman, as escrow agents, this date, the check of Martin Berger for Seven Thousand Five Hundred ($7,500.00) Dollars; on or before October 28, 1955, the balance of Sixty-seven Thousand, Five Hundred ($67,500.00) Dollars in cash. It is agreed that there are to be no further adjustments of any kind between the parties or the corporations, as regards this division of the assets of the existing corporations and partnership; with this proviso, that is to say: that the parties hereto have negotiated with the proper officials of the county of Broward, making claim for damages caused by said county to the property of the parties at Pompano Beach in connection with the erection by the county of a bridge or overpass in front of the store building at Pompano Beach; that Martin Berger is to succeed to the right, title and interest of the parties in and to any such claim, and will be entitled to receive any and all adjustments, payments or compensation thereof; that Berger will continue on his own behalf to press his settlement of said claim, and in this connection, Myron Proser agrees to render any and all assistance for which he may be called upon by Martin Berger. In the event such assistance is given from Myron Proser to Martin Berger, and when, as and if said Martin Berger receives any cash award by reason thereof, then the parties agree that Martin Berger will pay, and Myron Proser will have and receive in full satisfaction thereof, the equivalent of thirty (30%) percent of the net proceeds of said cash settlement, which amount, when, as and if due to Myron Proser, will be in addition to the sum of Seventy-five Thousand ($75,000.00) Dollars above mentioned. In the foregoing sentence where reference is made to assistance, the intention of the parties is that Myron Proser will give assistance to Martin Berger when required by Martin Berger, but that if an award for damages is made to Martin Berger, under a situation wherein Myron Proser was not called upon to assist, then nevertheless Myron Proser shall be entitled to receive the thirty (30%) percent of such award for damages.

"11. In the event that any part of the building or property of Prober Realty Co., Inc., at any time from and after the date hereof, is taken by any governmental agency, city, county or state, for government purposes by condemnation, then any award paid for condemnation will go to Martin Berger, free and clear of any claim or right of Myron Proser to participate therein. The intention of the parties is that the thirty (30%) percent provision of the preceding paragraph applies only to damages and not to a condemnation award." [Emphasis supplied.]
Subsequent to this agreement, the appellee instituted a suit against Broward County and the State Road Department to recover just and full compensation for the wrongful and unlawful appropriation of a portion of the Pompano Beach property. Said appropriation occurred in December, 1954, and was without authority of law, and without the procurement of any grant or easement from appellee or his predecessors in title. As a result of this suit instituted in the circuit court in Broward County, the appellee received a $70,000 settlement.
*441 This controversy centers primarily around the provisions of the agreement recited above. The appellant maintains that the $70,000 settlement received by the appellee was an award of damages as anticipated by the first quoted paragraph of the agreement and that the parties intended that the appellant was to receive thirty percent of such award.
Following a hearing in which testimony was taken, the chancellor entered a decree in favor of the appellant and awarded him the sum of $21,000 plus interest and costs. Upon petition, a rehearing was held and as a result, the chancellor entered the decree appealed wherein he found for the appellee and dismissed the complaint.
We conclude that the chancellor erred in granting rehearing and subsequently concluding that the $70,000 settlement constitutes a condemnation award as anticipated in the above quoted portion of the agreement.
In construing an agreement the court must look to the entire agreement to determine the intent of the parties at the time the agreement was executed. Merely looking to an isolated phrase is not sufficient. LaLow v. Codomo, Fla. 1958, 101 So.2d 390. Further, it is an often announced rule of construction that specific provisions of an agreement are to be given such effect as to supersede provisions in conflict with them which have been stated in general terms. Suncoast Building of St. Petersburg v. Russell, Fla.App. 1958, 105 So.2d 809. The questioned language  "the preceding paragraph applies only to damages, and not to a condemnation award"  is contained in paragraph 11 of the agreement and would appear to be an indication of the parties' intent stated in general terms. The agreement shows that the parties were aware of and anticipated the settlement of the claim for "damages" resulting from the erection of a bridge or overpass in connection with the Pompano Beach property and the parties provided that the appellant would be entitled to receive thirty percent of such award for damages. It was then specifically set out that appellant would not participate in any award paid for condemnation in the event that any part of the building or property of Prober Realty Co., Inc., is taken at any time from and after the date of the agreement. The $70,000 settlement in question was in connection with an unlawful appropriation of a portion of the Pompano Beach property prior to the execution of the agreement. Clearly then, if the specific provisions of the agreement do conflict with the general provisions of the agreement, the specific provisions must prevail.
Further, we observe that every contract is made in view of the law in force and applicable thereto. Coast Cities Coaches v. Whyte, Fla.App. 1958, 102 So.2d 848, and 7 Fla.Jur., Contracts, § 94. The appellee contends that the settlement of $70,000 was not for damages caused to the property by the building of the bridge or overpass, but it was for the taking of the land by "inverse condemnation." Clearly, the act of the State Road Department and Broward County in appropriating the property was an unlawful act. As a result of an unlawful act generally the party injured is entitled to recover damages. 9 Fla.Jur., Damages, § 2, defines damages as follows:
"The term `damages' refers to the monetary sum which the law awards as pecuniary compensation for an injury sustained as a consequence of a breach of contract or a tortious act."
Obviously, neither the State Road Department nor Broward County could, short of condemnation or the exercise of the right of eminent domain, legally appropriate or obtain the use of the property in question. It is true that the State Road Department could only be held liable for breach of contracts and not for its tortious acts. See Florida State Turnpike Authority v. Anhoco Corp., Fla.App. 1958, 107 So.2d 51, reversed on other grounds, Fla., 116 So.2d 8; Florida *442 Power Corp. v. McNeely, Fla.App. 1960, 125 So.2d 311. Nevertheless, the fact that an agency of the sovereign would not be liable in damages for its tortious acts does not thereby destroy the characterization of its acts as tortious, but renders immune the state agency from responding in damages for such actions.
The chancellor made no specific finding as to his concept of the parties' intent. We conclude that the instant question is not one which can be determined on the theory that there was substantial evidence to support the rulings of the chancellor. The question of what the parties intended by the use of the questioned language resolves itself into a mixed question of law and facts. We hold that the chancellor was in error in his conclusions of law and misconstrued the legal effect of the evidence.
The decree should be and it is hereby reversed with directions to reinstate the original decree in favor of the appellant.
Reversed and remanded with directions.

On Petition for Rehearing
PER CURIAM.
The appellees, by petition for rehearing, have brought to the court's attention the fact that the agreement between the parties provides for the appellant to receive "30% of the net proceeds" of any award, whereas this court, in its opinion, reversed the decree appealed with directions to reinstate the original decree in favor of the appellant. The effect of this court's remand and direction was to re-establish a decree in the sum of $21,000 in favor of the appellant.
The point made by the appellees in their petition for rehearing is well taken and, accordingly, we modify our opinion to read as follows:
"The decree should be and is hereby reversed with directions to enter a decree in favor of the appellant for 30% of the net proceeds received by the appellees.
"Reversed and remanded with directions."
As herein modified, the opinion and decision of this court, rendered on August 10, 1961, is adhered to. Other grounds contained in the petition for rehearing have been duly considered and the petition is hereby denied.