PEARSON, TILLMAN, Chief Judge
(dissenting).
I must respectfully dissent from the conclusion reached by the majority because I am convinced that the chancellor has misconstrued the language of the New Jersey consent judgment. The second and fourth paragraphs thereof referred respectively to data, drawings, specifications and other information “furnished to them by the plaintiff, Curtiss-Wright Corporation” and “furnished to the defendants, or any of them, by the plaintiff, Curtiss-Wright Corporation.” The third paragraph of said judgment (which deals specifically with the aircraft engine component parts here in question) was not so limited, and expressly provided:
“AND IT IS FURTHER ORDERED AND ADJUDGED that the defendants, Automatic Methods, Inc., a New Jersey corporation, Sigmund Ber-lant, Millard B. Donahue, and Aviation Industries Corp., a New Jersey corporation, and their officers, agents, servants, employees, successors and assigns, be and they are hereby jointly and severally, perpetually restrained and enjoined from manufacturing, advertising for sale and selling the following aircraft engine component parts for Cur-tiss-Wright Corporation’s aircraft engines made from or using, employing or embodying data, drawings, specifications or other information of plaintiff
In my view, it was error for the trial'court to construe the New Jersey consent, judgment so that the general provisions thereof prevailed over the specific provisions quoted above. See Bystra v. Federal Land Bank of Columbia, 82 Fla. 472, 90 So. 478, 480.