TILLMAN PEARSON, Judge
(dissenting)-
I cannot agree with the conclusion that the use of the word “conditions” in this contract encompasses the “reverter clause”. The closely-reasoned majority opinion reaches its conclusion upon the fine distinction drawn between “a fee simple determinable” and an “estate on condition subsequent.” While such a distinction appears to be ascertainable by reference to the practices of common-law conveyancing of a century or more ago, it has little practical significance today.
The question here is did these parties intend to bind the purchaser to take a title which is alleged to be unmarketable because of a reverter clause in the chain of title? It must be determined by a reference to the whole contract between the parties.
The printed deposit receipt contained the usual clause:
“Said property is sold and is to be conveyed subject to easements, restrictions, limitations, conditions and rights-of-way running with the lands; to all lawful zoning laws, ordinances or regulations affecting said lands; to taxes for the year * * * and subsequent years; and to the above mortgages; liens or encumbrances; which Purchaser assumes and agrees to pay.” [Emphasis supplied]
The deposit receipt became the contract o£ the parties. In another printed portion the contract provided:
“ * * * Seller shall furnish to Purchaser a complete abstract of title covering said lands, certified to a date not earlier than the date thereof, showing good and marketable title of record thereto to be vested in Seller free and clear of all liens and encumbrances except those herein expressly set forth.” [Emphasis supplied]
It cannot be said as a matter of law that the one word “conditions” as used in this contract outweighs the expressed intention to convey a marketable title. I take it to be admitted that ordinarily an outstanding reverter clause renders a title unmarketable. See Boyer, Florida Real Estate Transactions, § 14.08 (1961). In such a situation the ambiguous language should be construed against the party who drew the contract, in this case the seller-appellee. Bacon v. Karr, Fla.App.1962, 139 So.2d 166.
Furthermore, the word “conditions” appears in the midst of a long list of minor possible restrictions on the title. Under the ordinary rule of construction the word “conditions” should be given a meaning within the same context as the other words in the group, not the broad, general meaning which could be applied when taken out of context of the contract and the intent of the parties thereto. See: Proser v. Berger, Fla.App.1961, 132 So.2d 439; Sheldon v. Tiernan, Fla.App.1962, 147 So.2d 167; 17A C.J.S. Contracts § 313 (1963). I would hold the trial court erroneously dismissed plaintiff’s complaint.