213 So.2d 267 (1968)
Diane HOFFMAN, Appellant,
v.
Leo ROBINSON, Individually, Ted Bodin, Individually, Universal Knitting Mills, Inc., Universal Fabrics, Inc., and B.B.B. Knitting Mills, Inc., Appellees.
No. 68-70.
District Court of Appeal of Florida. Third District.
August 13, 1968.
Irwin Gars and Robert Dixon, Miami, for appellant.
Feibelman, Friedman, Hyman & Britton, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and PIERCE, WILLIAM C., Associate Judge.
PER CURIAM.
This is an appeal by the plaintiff from a summary final judgment for the defendants in an action seeking damages for *268 the breach of an employment contract. It is clear under the theory sued upon that the plaintiff could recover only if the written contract provided a definite period of employment. See Sher v. Shower Door Company of America, Ltd., Fla.App. 1967, 197 So.2d 333, and cases cited therein.
The appellant contends that since paragraph four, subsection (c), of the contract provides that "this agreement shall remain in force for a period of twenty-five (25) years from the date hereof," the contract either provides that she be employed for twenty-five years, or it is ambiguous as to the duration of her employment; if the contract is ambiguous then it must be construed in favor of the appellant, the non-drafter of the contract.
The trial court found this contention untenable because only paragraph one of the contract deals with employment.
* * * * * *
"1. HOFFMAN agrees to immediately accept employment with KNITTING at a salary of $25,000.00 per annum, payable weekly."
Paragraph four deals with the exercising of a stock option and the rights of the parties if the option is exercised.
The legal effect of a contract must be determined from the words of the entire contract. Union Cent. Life Ins. Co. v. Neuhoff, 157 Fla. 98, 24 So.2d 906 (1946). A court may not violate the clear meaning of a contract in order to create an ambiguity. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403, 408.
We hold that from a reading of the contract as a whole, it is clear that the quoted portion of paragraph four, subsection (c), of the contract does not refer to the length of employment. Therefore, the trial court was correct in granting summary final judgment for the appellees.
Affirmed.