McNULTY, Judge.
Plaintiff-appellant brought suit for partial return of advances paid pursuant to the terms of a written contract. The trial court granted a final judgment of dismissal in favor of appellee, and we affirm.
Appellant is a citrus marketing co-operative, and under the contract in question agreed to purchase from appellee certain quantities of fruit. Appellee was not a member of the co-operative but agreed to sell the aforesaid quantities of fruit through the co-operative on what is called a “participation plan”. The material portions of the contract are as follows:
“1. That during the 1964 — 65 citrus fruit season OWNER agrees to sell and deliver unto the ASSOCIATION, and the ASSOCIATION agrees to purchase from OWNER
(a) 50,000 boxes, Val. & *4 E & M, at 7‡ per lb. of juice (7:0 to be paid at time of delivery).
(b) 50,000 boxes }4 Val. & y2 E & M, on a season participation basis as outlined below,
(c) 100,000 boxes 14 Val. & E & M, on a season participation basis with a floor of 60‡ per lb. of solids as outlined below (6O¡0 to be paid at time of delivery).
(d) 50,000 boxes of grapefruit, no more than 50% of which can be placed in sections, on a participation basis as outlined below.
‡ sfc % jfc if; ifc
“5. The ASSOCIATION shall pool said citrus fruit with other citrus fruit of like variety and in the same manner as for ASSOCIATION members’ fruit, and shall pay over ratably to the OWNER as the agreed purchase price the net amount received from the sale of such pooled fruit, less the sum of 10‡ per box on oranges, grapefruit and tangerines and 15‡ per box on Temple oranges. Processing costs shall be at ASSOCIATION’S actual costs, including but not limited to processing costs, warehouse and shipping, general administration, selling expense, and other deductions * * (Italics and lettered paragraph designations supplied.)
The controversy herein centers around whether the appellant citrus marketing co *778 operative was entitled to deduct 100 per box of fruit pursuant to paragraph 5 of the contract, notwithstanding the provisions of paragraph 1(c) thereof which provides for a “ * * * floor of 600 per lb. of solids * * * ” on the purchase of 100,000 boxes.
The aforesaid amount of 100 per box is what is commonly known as “retain”, and pursuant to statutory authority[1] is the usual amount withheld by citrus marketing co-operatives to build up capital reserves for their operation. Here the net proceeds from the sale of fruit during the period covered by the contract were insufficient to pay appellee the agreed floor of 600 per lb. of solids for 100,000 boxes and at the same time allow a “retain” of 100 per box by appellant. Appellant’s principal contention therefore, is that the floor of 600 per lb. is subject to the 100 per box “retain” within the contemplation of the “participation plan” outlined in paragraph 5; and having made payments in advance, it sues for return of sufficient sums as will equal such “retain”. Appellee on the other hand contends that paragraph 1(c) establishes an absolute minimum purchase price of 600 per lb. of solids for 100,000 boxes of fruit, and that the provisions for “retain” set forth in paragraph 5 cannot be deducted from the guaranteed minimum.
We agree with appellee. Looking at the contract in its entirety it deals with separate and distinct purchase price schedules. Paragraph 1(a) involves the sale of 50,000 boxes of fruit at a straight 7\‡ per lb. of juice. There are no qualifications or variations permitted upward or downward for that 50,000 boxes. Paragraphs 1 (b) and 1(d) deal with a purchase price that is unequivocally computable from the provisions of paragraph 5. Paragraph 1(c) is clearly a hybrid of the foregoing two price schedules (to the extent of 100,000 boxes), combining a guaranteed minimum with a possibility of more if the net profits of the marketing co-operative will allow.
When a conflict arises under a contract, and such conflict requires construction of possibly inconsistent provisions thereof, the general rule of construction requires that provisions stated in general terms must yield to those stated in specific terms.[2] Applying this rule here then, paragraph 1(c) specifically provides for a minimum guaranteed purchase price of 6Oj0 per lb. of fruit (for 100,000 boxes), and does not allow for a reduction thereof to the extent of any “retain”. The general provisions of paragraph 5 must yield.
Affirmed.
LILES, C. J., and PIERCE, J., concur.

. Ch. 618, F.S.A.

. See Proser v. Berger (Fla.App.3d 1961), 132 So.2d 439; Suncoast Bldg. of St. Petersburg, Inc. v. Russell (Fla.App.2d 1958), 105 So.2d 809; and 7 Fla.Jur. § 92.