242 So.2d 771 (1970)
AETNA LIFE INSURANCE COMPANY and Stella B. Hoffman, Appellants,
v.
Eleanor S. WHITE, As Curator of the Estate of William Oakley White, Deceased, and Patricia Ann Johnson, Appellees.
Stella B. HOFFMAN, Appellant,
v.
Eleanor S. WHITE and Aetna Life Insurance Company, Etc., et al., Appellees.
Nos. 70-82, 70-92.
District Court of Appeal of Florida, Fourth District.
November 25, 1970.
Rehearing Denied January 29, 1971.
*772 Eugene L. Heinrich, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for Aetna Life Ins. Co.
Peter A. Portley, Pompano Beach, for Stella B. Hoffman.
Theodore P. Sobo, Fort Lauderdale, for Patricia Ann Johnson.
McCAIN, Judge.
The question before the court on this consolidated appeal is the proper disposition of proceeds of a group life insurance policy on the life of William Oakley White, deceased. Decedent purchased the policy in question during the continuance of his marriage to his first wife, Eleanor S. White, now curator of his estate and one of the appellees on this appeal. Upon divorcing her and marrying his second wife, Stella B. White, now Stella B. Hoffman, he changed the beneficiary designations under the policy to name Stella B. White primary beneficiary and, in the event that she predeceased him, to name Patricia Ann Johnson, his sister, secondary beneficiary. Subsequently he also divorced Stella B. White but did not again shift the beneficiary designations under the policy before his death, which occurred two months after the final decree of divorce was entered.
Aetna Life Insurance Company, decedent's insurer, upon receiving the claim of Stella Hoffman, distributed the proceeds to her as designated beneficiary under the policy. Subsequent to Aetna's distribution of the proceeds, Eleanor S. White, as curator of her former husband's estate, filed the instant declaratory judgment action to determine the ownership of the proceeds, naming Stella Hoffman and Aetna as defendants. The contingent beneficiary under the policy, Patricia Ann Johnson, was later joined as a defendant in the suit.
During the course of the proceedings all three defendants moved for summary judgment. The trial judge denied the motions of Aetna and Stella Hoffman, but granted that of Patricia Ann Johnson, based on a finding that Mrs. Hoffman, as primary beneficiary, was precluded from taking by virtue of a property settlement entered into between her and decedent at the time of their divorce, and that therefore the designated contingent beneficiary was entitled to the proceeds. In his order making the award entitled "Order, Injunction and Summary Final Judgment," the trial judge stated:
"The beneficiary's interest of Stella B. Hoffman, a/k/a Stella B. White, in and to the proceeds of the subject Aetna policy was terminated by the aforementioned property settlement agreement between the deceased and Stella B. Hoffman, a/k/a Stella B. White. The specific language of the property settlement clearly stated the intention and desire of the parties that their relations with respect to property and financial matters be fixed by the agreement. Therefore, the issue of interpretation of said agreement leaves no genuine issue of material fact, particularly when considering the condition of Stella B. Hoffman, a/k/a Stella B. White, and William Oakley White; the objects which they had in mind and the nature of the agreement. It is plain, and the Court so finds, that Stella B. Hoffman, a/k/a Stella B. White, relinquished any interest in the proceeds of the subject Aetna Life Insurance Company policy."
The court's order also determined that interest and attorney's fees were to be assessed against Aetna Life Insurance Company, and permanently enjoined and restrained Stella Hoffman from dissipating the proceeds of the policy in question, and directed her to turn over the money to Patricia Ann Johnson. A motion to set *773 supersedeas bond was granted and bond was set at $25,000.
The property settlement upon which the lower court's conclusions are based nowhere deals directly with the question of insurance. In the "whereas" section of the agreement, the following statement is made: "Whereas, it is the desire and intention of the parties that their relations with respect to property and financial matters be fixed by this Agreement." It is presumably this statement to which the trial judge's order has reference. However, in the body of the agreement itself we also find the following provision:
"VI. RELEASE OF THE WIFE:
The Husband does hereby release the wife of and from any claims, demands, dues, debts, rights or causes of action excepting any possible cause of action for divorce which he may have against the wife, and except such claims, demands, dues, debts and rights as are provided for in this agreement."
The significance of this release is simply that it is not accompanied by any corresponding release by the wife to the husband of any claims she may have against him.
It is clear that divorce alone will not serve to divest a wife of her expectancy in the proceeds of insurance on her husband's life. 44 Am.Jur.2d, Insurance, § 1740 and cases cited therein. Although Florida does not appear to have explicitly considered this proposition, the Third District has inferentially approved it in Raggio v. Richardson, Fla.App. 1969, 218 So.2d 501, cert. den. 225 So.2d 917, by discussing in detail those circumstances in addition to divorce which will operate to divest the right of the wife to insurance proceeds. While that case is not in point here because the insurance policy in question there was purchased in the name of the ex-wife after a property settlement was entered into, and the agreement covered only claims existing at the time of the settlement, it serves to elucidate the proposition that the court in determining the right of the ex-wife to proceeds will consider all the circumstances including a husband's failure to change beneficiaries after the divorce.
While we agree that generally a property settlement may serve to divest a wife of her expectancy in her ex-husband's insurance policy, we believe that in view of the general rule that divorce alone will not accomplish this end, any divestment by a property settlement should be, if not explicit, at least based on a reasonable construction of the agreement. In making such a constructional determination, ordinary rules of construction of contracts should be followed. The cardinal rule in this regard is that the intention of the parties will be ascertained from a consideration of the whole agreement. Canal Lumber Co. v. Florida Naval Stores & Mfg. Co., 1922, 83 Fla. 501, 92 So. 279; Marion Mortgage Co. v. Howard, 1930, 100 Fla. 1418, 131 So. 529; McGhee Interests v. Alexander Nat. Bank, 1931, 102 Fla. 140, 135 So. 545; Union Central Life Insurance Co. v. Neuhoff, 1946, 157 Fla. 98, 24 So.2d 906; George G. Tapper Company, Inc. v. Bank of Fort Walton, Fla.App. 1959, 117 So.2d 8; Curtiss-Wright Corporation v. Exhaust Parts, Inc., Fla. App. 1962, 144 So.2d 822; Hoffman v. Robinson, Fla.App. 1968, 213 So.2d 267. Further, where there are general and special provisions in a contract relating to the same thing, the special provisions will govern in its construction over matters stated in general terms. Bystra v. Federal Land Bank, 1921, 82 Fla. 472, 90 So. 478; Suncoast Building of St. Petersburg v. Russell, Fla.App. 1958, 105 So.2d 809; Proser v. Berger, Fla.App. 1961, 132 So.2d 439; Cypress Gardens Citrus Prod., Inc. v. Bowen Bros., Inc., Fla.App. 1969, 223 So.2d 776.
Construing the agreement in question here with regard to these basic rules, we find that the general "intention" clause *774 relied on by the trial judge must be held to be limited by ¶ VI of the agreement. The trial judge's ruling contains the implication that the "intent" clause serves as a general release by the wife of all property rights, but in view of the specific release by the husband in ¶ VI not accompanied by any corresponding release on the part of the wife, we can only conclude that as far as the wife was concerned the agreement was intended to operate as a release only of those items specifically dealt with by the agreement. Since insurance was not one of those items, we find that the property settlement agreement did not serve to release or cut off the expectancy of Stella Hoffman in the proceeds of the insurance policy of her former husband.
This result accords with the rule with regard to release of expectancies as stated in Couch on Insurance, 2d Ed. Vol. IV, § 27:114, page 655, and cases cited therein, as follows:
"The wife may, upon divorce, contract away any rights in insurance on her husband's life in which she is named beneficiary. General expressions or clauses in a property settlement, agreement between a husband and wife, however, are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses, it was intended to deprive either spouse of the right to take under an insurance contract of the other, and while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effectuate such a change, each case must be decided upon its own facts."
For purposes of this case, it is not necessary to decide whether an intention to divest the wife of her expectancy must "clearly appear from the agreement" or whether a reasonable inference or implication contained therein will be sufficient, since we are unable here to find even a reasonable inference or implication from which it would be possible to conclude that the agreement was intended to cover the wife's expectancy in the insurance proceeds.
We conclude then, that the granting of summary judgment in favor of the contingent beneficiary, Patricia Ann Johnson, was in error, since it was based on the trial judge's erroneous finding that the primary beneficiary, Stella Hoffman, was precluded by the terms of the property settlement agreement from collecting the proceeds of the policy. However, this conclusion does not automatically entitle appellant Stella B. Hoffman to entry of summary judgment in her favor at this juncture. A motion for summary judgment is properly grantable only "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Rule 1.501(c), 31 F.S.A.) Since the trial judge's conclusion was apparently limited to an interpretation of the property settlement agreement, we feel that he should have an opportunity to reconsider the parties' motions in light of our decision and upon review of all circumstances surrounding the issue of who is to receive the life insurance proceeds.
In this posture, it naturally follows that the award of interest, attorney's fee and permanent injunction was also in error.
Accordingly, the "Order, Injunction and Summary Final Judgment" appealed from is hereby reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, C.J., concurs.
*775 WALDEN, J., dissents, with opinion.
WALDEN, Judge (dissenting):
I respectfully disagree with the conclusion reached by the majority upon and after application of the case law to the facts of this case. I would affirm.
As remarked, there is no Florida case precisely in point. I feel then that by way of sound reasoning and respectable authority that the case of O'Brien v. Elder, 5 Cir.1957, 250 F.2d 275, reflects the correct approach and rule. It was there recognized that divorce alone does not automatically divest the wife of the proceeds of life insurance in which she is the named beneficiary. However, the beneficiary's interest may be terminated by an agreement between the parties which may reasonably be construed as a relinquishment of the spouse's rights to the insurance.
In the O'Brien case, supra, no mention of insurance was made in the separation agreement, or otherwise, but it did contain a general release proviso whereby each released the other from all claims. There the court considered the completeness of the agreement and found that it demonstrated an intention to effect a complete agreement as well as a final one. Then, despite the silence of the agreement as concerns insurance, that court found an intention for the wife to relinquish her interest in the insurance proceeds and sanctioned the determination of the issue by summary judgment proceedings. The court held that the construction of such contract was a question of law and only which should be decided by the court.
In the instant case the parties were divorced and entered into a separation, support and property settlement. It reflected and stated that "it is the desire and intention of the parties that their relations with respect to property and financial matters be fixed by this `Agreement.'" It provided for debts, the disposition of bank accounts and automobile, alimony, attorney fees and court costs. For aught that appears, it was an effort to completely and totally settle the rights and obligations of the parties.
From my viewpoint, it would be contrary to reason, common sense and experience to believe that these parties went through a divorce case with the help and advice of counsel and executed a very thorough and comprehensive separation, support and property settlement agreement with the intention  not mentioned in the written agreement  that the wife was to continue to have an expectancy of proceeds in the husband's life insurance policy. In this writer's legal experience, the wife and her counsel would surely require that such, and the terms thereof, be specifically contained in the agreement, particularly when, as here, the husband could cancel the expectancy by merely changing the beneficiary form.
Considering the whole matter, I am satisfied that the parties, as they recited, intended to settle all their rights and that their agreement should be and can be construed as a relinquishment of the wife's insurance proceeds expectancy.
The trial court correctly decided the issue as a matter of substance and procedure and the appellant has failed to demonstrate error.
I would affirm.