277 So.2d 290 (1973)
Stella B. HOFFMAN, Appellant,
v.
Eleanor S. WHITE, As Curator of the Estate of William Oakley White, Deceased, Appellee.
Eleanor S. WHITE, As Curator of the Estate of William Oakley White, Deceased, Appellant,
v.
AETNA LIFE INSURANCE COMPANY, a Corporation, et al., Appellees.
AETNA LIFE INSURANCE COMPANY, a Corporation, Appellant,
v.
Eleanor S. WHITE, As Curator of the Estate of William Oakley White, Deceased, Appellee.
Nos. 72-114, 72-121 and 72-140.
District Court of Appeal of Florida, Fourth District.
May 10, 1973.
Rehearings Denied May 31, 1973.
*291 Peter A. Portley, Pompano Beach, for appellant-appellee Hoffman.
Arnold Grevior and Charles M. Prince, of Grevior & Prince, Fort Lauderdale, for appellee-appellant White.
Eugene L. Heinrich, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant-appellee Aetna.
Theodore P. Sobo, of Sobo & Wellens, Fort Lauderdale, for appellee Johnson.
OWEN, Judge.
This is a sequel to Aetna Life Insurance Company v. White, Fla.App. 1970, 242 So.2d 771, to which reference is made for the nature and history of the case. We there reversed the entry of a summary judgment which had found that Patricia Ann Johnson, the designated contingent beneficiary, was entitled to the proceeds of the group life insurance policy on the life of William Oakley White, deceased.
In the prior opinion of this court, in anticipation of further proceedings upon remand, we said:
"Since the trial judge's conclusion was apparently limited to an interpretation of the property settlement agreement, we feel that he should have an opportunity *292 to reconsider the parties' motions in light of our decision and upon review of all circumstances surrounding the issue of who is to receive the life insurance proceeds." (Emphasis supplied.)
The case actually proceeded to a non-jury trial. At the conclusion of taking evidence, the court entered a judgment with results substantially identical to that of the summary judgment which was reversed upon the prior appeal. Appellants contend that in so doing, the court ignored the law of the case as established by our prior decision and opinion, and did that which this court forbade, namely, construed the property settlement agreement as precluding the primary beneficiary, Stella Hoffman, from insurance proceeds. Appellee contends, on the contrary, that the trial court did exactly as our mandate ordered, namely, to reconsider the matter in light of our decision and upon review of all circumstances surrounding the issue of who is to receive the life insurance proceeds.
In the prior decision and opinion of this court (242 So.2d 771) we held that the property settlement agreement, standing alone, would not support a reasonable inference from which it would be possible to conclude, upon motion for summary judgment, that the agreement was intended to relinquish the wife's expectancy in the insurance proceeds. At the same time, we made it clear that we felt the matter remained one of factual determination upon a review of all the circumstances surrounding the issue. The additional facts which the court took into consideration included (1) the brief duration of the marriage between decedent and Stella Hoffman, (2) evidence tending to show some hostility between the parties at the time of the separation and divorce; and (3) the wife's lack of knowledge of the policy's existence until after the separation, and her lack of knowledge of policy amount until after decedent's death. The court concluded that when these circumstances were known, the absence from the property settlement agreement of any reference to the insurance policy became quite significant in determining the intention of the parties. While these circumstances are by no means such as would lead inevitably to the conclusion reached by the court, we find no reason to substitute our judgment for his on this factual determination.
Appellant, Eleanor S. White, contends that if the primary beneficiary is held to have effectively relinquished her interest in the insurance proceeds, the money should come to the decedent's estate rather than to the contingent beneficiary because the condition under which the contingent beneficiary would take, i.e., death of the primary beneficiary, had not occurred. Ingenious though it be, the argument is effectively answered by the principle recognized in the case of Carter v. Carter, Fla. 1956, 88 So.2d 153. We hold that where, as here, a contingent beneficiary is named to take the policy proceeds in the event the primary beneficiary should predecease the insured, the contingent beneficiary will take under the policy when the primary beneficiary, though surviving the insured, relinquishes entitlement to the insurance.
Appellant, Aetna Life Insurance Company, contends also that (a) since it paid the money in good faith to the named beneficiary and in accord with the provisions of the policy, it should have been discharged from further liability, and (b) since Appellee-Johnson had never filed proof of claim with the insurer, the award of attorney's fees to appellee was precluded by Section 627.0127(2), F.S.[1] As to the matter of good faith payment, Aetna was on notice two weeks prior to making the payment that the curator of the decedent's estate would file suit seeking a judicial determination that the property settlement agreement precluded the primary beneficiary from entitlement to the insurance proceeds. *293 As to the attorney's fee, we hold that appellee having been brought into the suit as a defendant after the insurance proceeds had already been paid to another, her successful cross-claim against the insurer would entitle her to an award of attorney's fees without the necessity of the notice prescribed in Section 627.428(2), F.S. 1971, F.S.A.
The judgment is affirmed.
WALDEN and MAGER, JJ., concur.
NOTES
[1] Now, Section 627.428, F.S. 1971, F.S.A.