PER CURIAM.
Southern American Fire Insurance Company appeals a judgment based upon a jury verdict. The judgment upon a policy of fire insurance, provided for separate recoveries to Stanley Spitzer and Washington Federal Savings and Loan Association. Stanley Spitzer was the beneficial owner and Washington Federal was the named mortgagee and loss payee. The judgment also included attorney’s fees.
Southern contends that its named insured, Virginia Stilphen, did not have an insurable interest and that, therefore, it was not liable on its policy. Stilphen was the nominee of Spitzer, who provided all the money for the purchase of the apartment. Stilphen held title and had assumed the mortgage on the premises. The court correctly held the insurance policy enforceable. See Cincinnati Insurance Company v. Palmer, Fla.App.1974, 297 So.2d 96; Spindler v. Kushner, Fla.App.1973, 284 So.2d 481.
Southern also urges that the attorney’s fees allowed Washington Federal and *616 Spitzer were unauthorized under Fla.Stat. § 627.428. We cannot agree. See All Ways Reliable Building Maintenance, Inc. v. Moore, Fla.1972, 261 So.2d 131; see also Hoffman v. White, Fla.App.1973, 277 So. 2d 290; and cf. Travelers Insurance Company v. Tallahassee Bank and Trust Company, Fla.App.1961, 133 So.2d 463.
Appellant’s remaining points do not present reversible error.
Affirmed.