PER CURIAM.
By this appeal, we are asked to review a final declaratory judgment construing an agreement entered into between the parties herein to settle a prior lawsuit. The trial court construed the settlement agreement to mean, in effect, that a parcel of real estate known as Parcel IV should be included in the base for computing a certain 15 percent due the appellees to satisfy a maximum $425,000 obligation under Section 4(f)(iii)c of the settlement agreement. It further found that the appellees have a security interest in said Parcel IV for as long as any monies remain due the appel-lees under the above section of the settlement agreement.
The appellants contend on appeal that this construction of the settlement agreement is directly contrary to section 4(g) thereof which specifically provides that the appellees under no circumstances shall have any interest in Parcel IV if obtained by the appellants by virtue of a default and ultimate foreclosure of the captioned property, that Parcel IV was so obtained by the appellants upon settlement of a subsequent foreclosure suit involving Parcel IV [which settlement netted the appellants approximately $591,000], and that, accordingly, the appellees by the plain terms of the agreement can have no interest in Parcel IV and are only entitled to 15 percent of the above $591,000 under section 4(f)(iii)c of the settlement agreement. Our review of the settlement agreement as a whole, including sections 4(f) and 4(g), convinces us that, under well-settled principles of contract construction, the appellants’ contention herein is entirely correct. Raines v. Palm Beach Leisureville Community Ass’n., 317 So.2d 814, 817 (Fla. 4th DCA 1975); Aetna Life Insurance Co. v. White, 242 So.2d 771, 773 (Fla. 4th DCA 1970); Cypress Gardens Citrus Products, Inc. v. Bowen Bros., Inc., 223 So.2d 776, 778 (Fla. 2d DCA 1969).
The final declaratory judgment appealed from is, accordingly, reversed and the cause remanded to the trial court with directions to render a declaratory judgment that Parcel IV is not included in the base for computation of the 15 percent due the appellees under section 4(f)(iii)c of the settlement agreement, that the $591,000 cash received by the appellants upon settlement of the Parcel IV foreclosure suit shall be included in the base for computation of the 15 percent due the appellees under section 4(f)(iii)c of the settlement agreement, and that the appellees by the settlement agreement have no security interest whatever in Parcel IV.
Reversed and remanded.