NESBITT, Judge.
A subdivision’s homeowner association appeals á determination by way of summary judgment holding that the association’s assessment lien for unpaid fees was inferior to *593 the claim of the holder of a property’s first mortgage. We reverse.
The subdivision’s Declaration of Restrictions, recorded in 1978, provides with respect to subordination of mortgages:
The lien of the assessments provided herein shall be subordinate to ... mortgage liens, provided said mortgage liens are first hens against the property encumbered thereby, ... and secure indebted-nesses which are amortized in monthly or quarterly-annual payments over a period of not less than ten (10) years.
Thus, in determining the priority of claims, the issue in this case is whether the instant mortgage was a debt “amortized ... over a period of not less than ten (10) years.”
The mortgage, executed in 1994, provided for payments of $1800.88 a month, a payment schedule that appellant’s expert conceded would not fully extinguish the debt at issue for thirty years. However, the mortgage also provided that the property owner was obligated to make a balloon payment at the end of five years, in the sum of $133,488.68, which would extinguish the debt in full.[1]
What is known in the financial world as an amortization plan for the payment of an indebtedness is one where there are partial payments of the principal, and accrued interest, at stated periods for a definite time, at the expiration of which the entire indebtedness will be extinguished.[2] See Bystra v. Federal Land Bank of Columbia, 82 Fla. 472, 477, 90 So. 478, 480 (1921); Black’s Law Dictionary 83 (6th ed.1990); see also V.E. Brooke v. Phillips Petroleum Co., 113 Ga. App. 742,149 S.E.2d 511, 514 (1966); Hamilton v. BS & W, 870 S.W.2d 436, 438 (Ky.Ct. App.1993); Applestein v. Royal Realty Corp., 181 Md. 171, 28 A.2d 830, 831-32 (App.1942).
Here, the mortgage holder, in foreclosure, maintained that because it would take over 30 years to satisfy the mortgage at the rate of $1800.88 a month, at issue was a loan amortizing over the 10 year minimum. The association’s expert maintained that all payments of principal and interest were to be amortized over a total period of five years, because at that time, the indebtedness would be fully extinguished. Thus, the association maintained, the paragraph providing for subordination of the hen for assessments was inapplicable. We agree with the association’s position. Courts should attempt to give words and phrases used in contracts their natural meaning or that meaning which is most commonly understood when considered in reference to the subject matter and circumstances. See Rupp Hotel Operating Co. v. Donn, 158 Fla. 541, 29 So.2d 441 (1947); see also e.g., Steuart Petroleum Co. v. Certain Underwriters at Lloyd’s London, 696 So.2d 376, 379 (Fla. 1st DCA 1997); Gamble v. Mills, 483 So.2d 826, 829 (Fla. 4th DCA 1986); Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514, 518 (Fla. 2d DCA 1967); Miami Nat’l Bank v. Fink, 174 So.2d 38, 40 (Fla. 3d DCA 1965). In the context of the Declaration of Restrictions, the natural and ordinary meaning of the word “amortized” is clearly the definition given by the Florida Supreme Court in Bystra. Under such definition, the loan is not “amortized” for a period of thirty years (twenty-five years subsequent to the expiration of the debt).
Consequently, we conclude as a matter of law that the first mortgage, given subsequent to the Declaration of Restrictions and amortized over a period of less than ten years, was inferior to the assessment lien at issue. For this reason, the order under review is reversed with directions to find that the association’s assessment lien is, in fact and law, superior to the first mortgage and to order other proceedings consistent with the terms of both the Declaration of Restrictions and *594 the note and the first mortgage securing the same.
Reversed and remanded.

. Specifically, the mortgage instrument states:
Whereas Borrower is indebted to Lender in the principal sum of [$159,285.57], which indebtedness is evidenced by borrowers note dated October 27, 1994 ... providing for monthly installments of principal and interest with the balance of the indebtedness, if not sooner paid, due and payable on November 20, 1999.

. Also worth noting is 2 Ralph E. Boyer (Revision by William H. Ryan) Florida Real Estate Transactions section 32.27[1J (1998), which calls a balloon mortgage a "partially amortized” mortgage.