636 So.2d 569 (1994)
RES PANEL REFRIGERATION CORP., Appellant,
v.
BILL COLLINS REFRIGERATION SERVICES, INC., and William Collins, Appellees.
No. 93-1990.
District Court of Appeal of Florida, Third District.
May 10, 1994.
Holland & Knight and Wilfredo A. Rodriguez, Miami, for appellant.
*570 Bolton & Kirschner and Richard A. Bolton, Miami, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
COPE, Judge.
Res Panel Refrigeration Corp. appeals an order granting attorney's fees. We reverse.
Res Panel Refrigeration Corp. brought suit against appellees Bill Collins Refrigeration Services, Inc., and William Collins on a contract. Plaintiff requested attorney's fees pursuant to the contract. Defendants answered, but the answer did not assert a reciprocal claim for attorney's fees.
Defendants successfully defended the lawsuit and received judgment in their favor. After judgment, the defendants moved for attorney's fees under subsection 57.105(2), Florida Statutes (1991).[*] The trial court awarded attorney's fees to the defendants and the plaintiff has appealed.
Under the decision in Stockman v. Downs, 573 So.2d 835 (Fla. 1991), "[a] party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees." Id. at 838. Defendant did not do so in this case, and none of the exceptions recognized in Stockman v. Downs, see id., are applicable here. Concededly, the fact that the plaintiff pled entitlement to attorney's fees did serve to inject an attorney's fees issue into the case, but under Stockman it was necessary for the defendants to plead specifically a request for attorney's fees, or otherwise fit within one of the other recognized Stockman exceptions. Id. An exception has also been recognized for attorney's fees under subsection 57.105(1), Florida Statutes (1991), see Ganz v. HZJ, Inc., 605 So.2d 871 (Fla. 1992), but that portion of the statute is not involved here. The attorney's fee award is accordingly reversed.
Reversed.
NOTES
[*] The contract in this case provided attorney's fees to the seller in the event the seller prevailed in litigation. By virtue of subsection 57.105(2), Florida Statutes (1991), the buyer would have a reciprocal right to attorney's fees.