675 So.2d 219 (1996)
Robert W. BRUCE and Jeffrey Morrison, Appellants,
v.
Craig L. BARCOMB, A. Christine Verney, Joseph J. Koshes, Raphael J. Piana, and Toni Walper, Appellees.
No. 95-02958.
District Court of Appeal of Florida, Second District.
June 7, 1996.
*220 Robert W. Hendrickson, III, of Harrison, Hendrickson, Douglass & Kirkland, P.A., Bradenton, for Appellants.
Daryl J. Brown, Stuart Jay Levine, and Carolyn F. McDevitt of Brown Clark & Walters, P.A., Sarasota, for Appellees Craig L. Barcomb, Joseph J. Koshes, and Raphael J. Piana.
A. Christine Verney, pro se.
Toni Walper, pro se.
WHATLEY, Judge.
Robert W. Bruce and Jeffrey Morrison, the defendants, appeal the trial court's order denying their motion for attorney's fees. Three issues were raised on appeal. The defendants contended that in addition to being entitled to contractual attorney's fees, they were also entitled to such fees pursuant to section 57.105(1), Florida Statutes (1993). The plaintiffs, Craig L. Barcomb, A. Christine Verney, Joseph J. Koshes, Raphael J. Piana, and Toni Walper disputed any entitlement to attorney's fees. They argued that such fees were not awardable under the authority of Stockman v. Downs, 573 So.2d 835 (Fla.1991), and further that the contracts in question did not contain language that would effectuate attorney's fees under the facts of the case.
The first two issues, which will be addressed together, are as follows: (1) whether the plaintiffs presented a justiciable issue in the trial court; and (2) whether a defendant may seek attorney's fees pursuant to a contractual provision as a prevailing party when a plaintiff takes a voluntary dismissal before the time has expired for the defendant to file an answer, and the defendant has not filed a motion or pleading seeking attorney's fees at the time of voluntary dismissal.
*221 The plaintiffs filed a complaint against the defendants and others seeking a declaratory judgment declaring that the defendants had resigned as "active members" of a trust and a corporation. The defendants responded to the complaint with a motion to dismiss for failure to state a cause of action and also filed a motion to appoint a receiver for the assets of the trust pending conclusion of the litigation.
The motion to appoint a receiver was scheduled for hearing. On the day of the hearing, the plaintiffs voluntarily dismissed their complaint. Thereafter, the defendants filed a motion for award of attorney's fees and notice of supplemental authority for award of attorney's fees. The motion sought attorney's fees based on the language of the contracts attached as exhibits to the plaintiffs' complaint. That contractual language provided for the award of attorney's fees to the prevailing party. The motion also sought attorney's fees based upon a complete absence of any justiciable issue of either law or fact pursuant to section 57.105, Florida Statutes (1993).
Following an evidentiary hearing, the trial court entered an order denying the defendants' motion for an award of attorney's fees. The order specifically found that the defendants had not pled a claim for attorney's fees prior to the filing of the voluntary dismissal and that, pursuant to Stockman, they waived such a claim. The order also stated that the judge found that there was "no basis" for the award of fees under section 57.105.
There is ample authority to support the award of attorney's fees following a voluntary dismissal where such award is provided by statute or agreement of the parties. See, e.g., Thornber v. City of Fort Walton Beach, 568 So.2d 914 (Fla.1990); Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992); 51 Island Way Condominium Ass'n, Inc. v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984), review denied, 476 So.2d 676 (Fla.1985). We recognize that under section 57.105 one is not required to plead specifically a request for attorney's fees in order to be entitled to the fees. See Ganz v. HZJ, Inc., 605 So.2d 871 (Fla.1992). Because there was a justiciable issue in this case, we conclude that the trial court was correct in denying the defendants' request for attorney's fees under section 57.105. However, we do not agree that Stockman prevents the defendants here from seeking attorney's fees pursuant to a contractual provision allowing fees to the prevailing party. Although the defendants here could have raised their entitlement to attorney's fees in their motion to dismiss, we find nothing in Stockman to prevent a defendant from filing a motion for fees following a voluntary dismissal by a plaintiff which is filed before the defendant is required to file an answer. On the other hand, where prior to the filing of a voluntary dismissal a defendant has filed an answer with no request for attorney's fees, the defendant has waived entitlement to attorney's fees. Laguna Palms Properties Ltd. v. Long, 622 So.2d 556 (Fla. 3d DCA 1993).
The third issue centers on the basis for awarding attorney's fees, which was contractual. Only two contract provisions address attorney's fees, and neither of them was viable so as to effectuate fees in this case. Those two provisions, taken from the Shareholders Agreement and the Beneficiary Agreement, read as follows:
[Shareholders Agreement]
7.5 Arbitration. Any controversy or claim arising out of, or relating to this agreement, or any breach thereof, shall be settled by binding arbitration in Sarasota County, Florida, in accordance with the then current rules of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. the (sic) prevailing party shall be entitled to expenses including a reasonable attorney's fee whether same be rendered for negotiation, arbitration, trial or appellate proceedings.
[Beneficiary Agreement]
16. Any controversy or claim arising out of or relating to this agreement or any breach thereof, shall be determined by binding arbitration in Sarasota County, Florida, in accordance with the then current rules of the American Arbitration Association, and judgment upon the award *222 rendered may be entered in any court having jurisdiction thereof. The prevailing party shall be entitled to expenses including a reasonable attorneys fee whether same be rendered for negotiation, arbitration, trial or appellate proceedings.
Both sides of this dispute cite Baker Protective Services v. FP, Inc., 659 So.2d 1120 (Fla. 3d DCA 1995). The defendants cite Baker for the premise that "the question of entitlement to attorney's fees is controlled by the plain meaning of the language in the contract." 659 So.2d at 1122. The plaintiffs cite Baker in the context that "we note that a contractual attorney fee provision should be strictly construed." 659 So.2d at 1123. Both statements of the law are correct and are not in conflict. The dilemma is their application to the contractual language in this case.
We view the contractual language as relating solely to matters being arbitrated. The word that would compel some to disagree is "trial." However, Hoffman v. Robinson, 213 So.2d 267 (Fla. 3d DCA 1968), states the established rule that, "[t]he legal effect of a contract must be determined from the words of the entire contract." 213 So.2d at 268. J.C. Penney Co. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977), states: "In reviewing the contract in an attempt to determine its true meaning, the court must review the entire contract without fragmenting any segment or portion." 345 So.2d at 735. In viewing the applicable language in its entirety, we are compelled to reach the conclusion that attorney's fees would only be awardable in an arbitration context.[1]
The plaintiffs did not seek arbitration but, instead, filed suit in circuit court. Further, the defendants' motion to dismiss was not grounded upon a failure to arbitrate.
The parties were free to waive arbitration. See Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966). However, in doing so, they traveled without the prospect of attorney's fees being awardable to the prevailing party.
Accordingly, we affirm the trial court's determination that there is no entitlement to attorney's fees.
CAMPBELL, A.C.J., and PARKER, J., concur.
NOTES
[1] In further support of this position is the deletion by the parties of a paragraph in the Shareholder's Agreement which would have established exclusive jurisdiction in the appropriate court in and for Sarasota County, Florida. A prevailing party attorney fee clause was also contained in this paragraph.