685 So.2d 23 (1996)
Allen GREEN, Appellant,
v.
SUN HARBOR HOMEOWNERS' ASSOCIATION, INC., Appellee.
No. 96-0158.
District Court of Appeal of Florida, Fourth District.
November 20, 1996.
Rehearing Denied January 21, 1997.
*24 Steven G. Glickstein, Davie, for appellant.
Monica I. Salis of Monica I. Salis, P.A., Fort Lauderdale, for appellee.
GROSS, Judge.
In January, 1994, Sun Harbor Homeowners' Association filed a complaint for injunctive relief against Allen Green, a townhome owner in the community. Green responded with a February motion to strike and dismiss the complaint and a March motion to compel discovery. Neither motion requested attorney's fees. In August, the trial court granted Sun Harbor's attorney's motion to withdraw. On October 31, while Sun Harbor was unrepresented, Green's attorney wrote the association urging them to dismiss the case. The letter threatened that if Green was "forced to continue with this law suit [he would] then be seeking damages and attorneys' fees and costs from the association."
In April, 1995, Green moved to dismiss Sun Harbor's action for failure to prosecute. The motion did not mention attorney's fees. The trial court entered an agreed order of dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), which operated as an adjudication on the merits. The agreed order was silent as to attorney's fees. Two weeks later, Green moved for attorney's fees under the development's declaration of covenants and restrictions. The trial court denied the motion citing Stockman v. Downs, 573 So.2d 835 (Fla.1991), and finding that Green did not "plead or otherwise raise on the record" the issue of attorney's fees until after the entry of the agreed order of dismissal. We affirm.
The general rule of Stockman is that a claim for attorney's fees must be pled. The rationale behind the rule is to notify the opposing party of all claims so as to prevent unfair surprise. Id. at 837; United States Fidelity & Guar. v. Martin County, 669 So.2d 1065, 1067 (Fla. 4th DCA 1996). As the supreme court observed,
[t]he existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle.
Stockman, 573 So.2d at 837. For these reasons, a party may not recover attorney's fees unless he has put the issue into play by filing a pleading or motion seeking fees. Id.; see Coffey v. Evans Properties, Inc., 585 So.2d 960, 962 (Fla. 4th DCA 1991) (failure to mention attorney's fees in motion to dismiss "fatal" to an award of fees). This notice requirement prevents a litigant from being blind-sided with a claim for fees after many litigation decisions have already been made, without factoring in the additional risk.
The primary focus of Stockman is actual notice of a claim for fees, not whether the notice had to take the form of a pleading, to the exclusion of a motion. Stockman's references to the requirement that a fee claim *25 "must be pled" were not used in their most technical sense to narrowly limit the procedural method of giving notice. That the Supreme Court did not intend to foreclose the use of a motion to raise the issue of attorney's fees is evidenced by the following sentence from Stockman:
The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case.
573 So.2d at 837.
The holding in this case is consistent with Chittenden v. Boyd, 669 So.2d 1136 (Fla. 4th DCA 1996), cited by the dissent. Chittenden involved a Chapter 61 proceeding where an attorney's fee claim was orally raised at a deposition the day before trial. Such notice violated Stockman in two ways. Not only was the issue not raised in a motion or pleading, it was untimely. Our holding in Chittenden was that the oral notice was ineffective, not that it had to occur in a pleading and not in a motion.
In this case, Green filed neither a pleading nor a motion raising the issue of attorney's fees. Nor do any of the exceptions to Stockman apply. See Ganz v. HZJ, Inc., 605 So.2d 871 (Fla.1992) (section 57.105(1), Florida Statutes (1991)); Sandoval v. Banco de Comercio, S. A., 585 So.2d 934 (Fla.1991) (waiver by conduct). The October 31, 1994 settlement letter to the association fails to satisfy Stockman in two ways. First, it is an out of court communication, not a paper filed of record. Pleadings and motions distill the issues in litigation and are subject to the notice requirements of the rules of civil procedure. A letter between the parties has no such legal effect. Second, the letter's general reference to fees is merely posturing during negotiations, without setting forth the specific statutory or contractual basis for fees required under Stockman. See Dealers Ins. Co. v. Haidco Inv. Enter., Inc., 638 So.2d 127, 129-30 (Fla. 3d DCA 1994); Res Panel Refrigeration Corp. v. Bill Collins Refrigeration Servs., Inc., 636 So.2d 569 (Fla. 3d DCA 1994).
Contrary to the dissent's concern, we do not see that the holding in this case will "create procedural confusion." The general rule is an easy one: to recover attorney's fees in a lawsuit, a party must timely request them in a pleading or motion. The dissent's approach engrafts exceptions onto the rule which can be a trap for the unwary. The goal of Stockman was to promote forthrightness in litigation and to eliminate "gotcha" tactics. Those values are best served by implementing a rule that requires timely notice of the intent to seek attorney's fees in a lawsuit, no matter whether it is in a pleading or a motion.
We certify conflict of this case with Bruce v. Barcomb, 675 So.2d 219 (Fla. 2d DCA 1996). See Fla.R.App.P. 9.030(a)(2)(A)(iv).
AFFIRMED.
WARNER, J. concurs.
HAUSER, JAMES C., Associate Judge, dissents with opinion.
HAUSER, JAMES C., Associate Judge, dissenting.
I respectfully dissent.
As a general rule, a party who is entitled to attorney's fees must plead for attorney's fees. Stockman v. Downs, 573 So.2d 835 (Fla.1991). There are three recognized exceptions. A party need not plead for attorney's fees if:
1. the opposing party waives the necessity to do so. Id. at 836.
2. the basis for attorney's fees is that the opposing party's claim or defense is frivolous as defined by section 57.105(1), Florida Statutes. Ganz v. HZJ Inc., 605 So.2d 871 (Fla. 1992).
3. its basis for attorney's fees is an offer of judgement. Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995).
To the above categories, I would add the additional exception that a defendant is not required to plead for attorney's fees if the time period to answer the complaint has not yet matured.
In Bruce v. Barcomb, 675 So.2d 219 (Fla. 2d DCA 1996), a case remarkably similar to the case at bar, after the plaintiff filed his complaint, the defendant filed a motion to dismiss, which did not contain any notice that *26 the defendant would be seeking attorney's fees. Prior to the motion being heard, the plaintiff filed a voluntary dismissal. The trial court denied the defendant attorney's fees because attorney's fees had not been pled. The Second District Court of Appeal, speaking through Judge Whately, reversed, holding that a defendant could not be required to plead for attorney's fees prior to the time that he was compelled to file his answer.[1]
The majority has narrowly focused on only one aspect of Stockman, the requirement that a party seeking attorney's fees give notice to the opposing side, prior to the case being decided. However the majority opinion ignores two indisputable facts.
First, the instant case was decided adversely to the plaintiff because the plaintiff, not the defendant, failed to timely prosecute the case. The decision to not prosecute a case, just like the decision to take a voluntary dismissal in Barcomb, was solely within the plaintiff's discretion.
Second, and more importantly, Stockman mandates that the notice a party will be seeking attorney's fees be contained in the form of a pleading, not a notice or a motion.[2] It is black letter law that a motion is not a pleading. White v. Fletcher, 90 So.2d 129 (Fla.1956); Harris v. Lewis State Bank, 436 So.2d 338 (Fla. 1st DCA 1983); Raulerson v. Hamm, 394 So.2d 1144 (Fla. 4th DCA 1981). As explained in Harris:
We note that the issues of fact in any case are initially framed by the pleadings and not by motions.... Motions, of course, are not pleadings.... The purpose of the civil rules of procedure, that is to reach the issues of law and fact in "one affirmative and one defensive pleading", is obviously frustrated if "operative issues, as distinguished from evidential issues, are allowed to be created outside the pleadings...."
Harris, 436 So.2d at 340 n. 1 (emphasis added).
In the case at bar, the plaintiff's right to recover attorney's fees was contained in a contract, the Declaration of Covenants. Thus, the factual basis entitling the defendant to attorney's fees could only be contained in a pleading, the answer, and could not be included in a motion or notice.
Prior to today it was clear that a party could not comply with Stockman by filing a motion or notice for attorney's fees in lieu of pleading for attorney's fees. A request for attorney's fees in a motion for summary judgment was deemed inadequate and attorney's fees were denied because the fees had not been requested in the answer. Taylor v. T.R. Properties, Inc., 603 So.2d 1380 (Fla. 5th DCA 1992). We have agreed with this position. Chittenden v. Boyd, 669 So.2d 1136 (Fla. 4th DCA 1996).[3]
Furthermore, if a notice is given by the defendant that he is seeking attorney's fees prior to filing his answer, will the defendant still be required to plead for attorney's fees in his responsive pleading? If the answer is yes, we will be setting a procedural trap for the unwary defendant. If the answer is no we will be in direct conflict with all prior precedent including Stockman, Taylor, and Chittenden.
*27 Not only is the majority position contrary to all the other cases interpreting Stockman, it will create procedural confusion for both the bench and bar. The majority requires that a defendant give notice to the plaintiff prior to filing its answer that it is seeking attorney's fees. In what form should this notice be given? Does the majority require that such notice be contained in the motion to dismiss? If so, then this case will be cited for the proposition that affirmative relief, not just attorney's fees, may be sought in a motion to dismiss. This would be in direct conflict with prior case law which has held that the purpose of a motion to dismiss is to test the legal sufficiency of the plaintiff's complaint, Augustine v. Southern Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956), not to seek independent affirmative relief. If the majority position is that the defendant was required to file an independent motion for attorney's fees, does that mean that had the defendant filed his request for attorney's fees in his motion to dismiss, the majority would have denied the defendant attorney's fees?
Rather than creating this procedural nightmare, I respectfully suggest that we create a bright line test that in order to comply with Stockman, a party that requests attorney's fees by either motion or notice will not be entitled to attorney's fees if that party has failed to plead for attorney's fees in the complaint or answer. Furthermore, a party need not plead for attorney's fees if the time period to answer the complaint has not yet ripened.
NOTES
[1] If the majority opinion requires a defendant to file an answer asking for attorney's fees while the motion to dismiss is pending, it places the defendant in an untenable position. A defendant who files an answer prior to having the motion to dismiss heard will waive all the grounds stated in his motion, except those repeated in the answer. Conklin v. Boyd, 189 So.2d 401 (Fla. 1st DCA 1966).
[2] Even though a party gives notice to the opposing side, that it is seeking attorney's fees, if that notice is not procedurally correct, attorney's fees will not be awarded. For example, at the appellate level, if a party seeking appellate attorney's fees requests appellate attorney's fees in its brief, but fails to ask for attorney's fees by separate motion, that party will not be entitled to appellate attorney's fees. Melweb Signs, Inc. v. Wright, 394 So.2d 475 (Fla. 1st DCA 1981); Munroe Memorial Hosp. v. Thompson, 388 So.2d 1338 (Fla. 1st DCA 1980); Wallace v. Walton Context Bldg., 383 So.2d 729 (Fla. 1st DCA 1980); see also Albin v. Kramer, 641 So.2d 973 (Fla. 4th DCA 1994).
[3] In Chittenden the party seeking attorney's fees filed her motion for attorney's fees one day prior to trial. However, in denying attorney's fees we emphasized that she failed to plead for attorney's fees or amend her pleadings to request attorney's fees. We did not deny attorney's fees because she failed to give timely notice to the opposing party.