696 So.2d 959 (1997)
D.S. WARE COMPANY, INC., a Florida corporation and CTB Enterprises, Inc., a Florida corporation, Appellants,
v.
Aza Lee GREEN, Appellee.
No. 96-2134.
District Court of Appeal of Florida, First District.
July 16, 1997.
*960 Ada A. Hammond of Johnston & Hammond and Glenn K. Allen, Jacksonville, for Appellants/Cross-Appellees.
John S. Winkler, Jacksonville, for Appellee/Cross-Appellant.
PER CURIAM.
D.S. Ware Company, Inc., and CTB Enterprises, defendants below, appealed a final judgment entered upon a favorable jury verdict for Aza Lee Green, the plaintiff below. Subsequently, Green filed a cross-appeal. Thereafter, D.S. Ware Company and CTB Enterprises (hereinafter, defendants) voluntarily dismissed their appeal leaving for consideration the cross-appeal, in which Green raises two issues. We reverse in part, affirm in part and remand.
Green brought suit against the defendants, who had contracted with her to construct a residential home. She sought rescission of the contract and a return of her deposit for material breach of the contract based upon the alleged failure of defendants to construct the residence in accordance with the approved plans. Green argues that the lower court erred, first, in not awarding attorney's fees and, second, in denying her request for an award of "expenses beyond taxable costs," following entry of a jury verdict in her favor.
With respect to the attorney's fees issue, Green admits that she did not specifically request an award of attorney's fees in her complaint. Nevertheless, she argues that her claim of entitlement to attorney's fees under the construction contract was made apparent in her motion for summary judgment some four months before trial and that defendants made no objection to the claim for attorney's fees in the summary judgment motion. In fact, the record reflects that in the pretrial stipulation, apparently drafted by defendants and approved by all parties, one of the items listed as an issue to be litigated was: "Whether or not any of the parties are entitled to attorney's fees?"
At trial defendants objected to testimony from Green regarding "costs and expenses" incurred as a result of the alleged breach, other than the disputed deposit. At the side-bar conference following the defendants' objection, the defendants argued that the only relief specifically sought in the complaint was rescission of the contract and that Green was not entitled to seek any damages beyond return of the deposit. The lower court indicated that it considered other costs and expenses to be a matter for consideration after trial. Following a favorable verdict, Green's motion for an award of attorney's fees and taxable costs was denied.
We find that the lower court erred in concluding, as it did in its final judgment, that failure to plead a prayer for attorney's *961 fees in a complaint bars recovery of such fees. There is no indication in the instant case that the defendants were not sufficiently on notice of Green's fee request to prepare any objections to or defense against the request for fees. Like our sister court in Green v. Sun Harbor, 685 So.2d 23 (Fla. 4th DCA 1996), we do not read Stockman v. Downs, 573 So.2d 835 (Fla.1991), as holding that a motion does not constitute a sufficient pleading for purposes of making a claim for an award of attorney's fees. Furthermore, it would appear that defendants acquiesced to Green's claim by agreeing to the pre-trial stipulation. See Stockman. Accordingly, we reverse that part of the final judgment which denies Green's request for an award of attorney's fees and taxable costs.
However, we affirm the denial of Green's request for an award of "expenses beyond taxable costs." Green did not include this claim in her complaint, in any pretrial pleading, or in her pretrial statement and has cited no authority to support such an award. We find that the lower court did not abuse its discretion in refusing to allow Green to proceed on such a claim. See Cooke v. Insurance Co. of North America, 652 So.2d 1154 (Fla. 2d DCA 1995). Finding no basis to reverse, that part of the final judgment denying equitable relief beyond rescission and return of the deposit is affirmed.
Accordingly, the final judgment is AFFIRMED in part, REVERSED in part and REMANDED for further proceedings on the claim for attorney's fees.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.