708 So.2d 324 (1998)
William T. CLEARMAN and Margaret C. Clearman, Appellants,
v.
James W. DALTON and Mary M. Dalton, Appellees.
No. 96-1810.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
Gary L. Butler of Cobb Cole & Bell, Daytona Beach, for Appellants.
David A. Jones of Maguire, Voorhis & Wells, P.A., Orlando, and Gilbert A. Smith, Jr., of Hamrick, Perrey, Quinlan & Smith, of Bradenton, for Appellees.

ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
William and Margaret Clearman, appellants, seek rehearing or clarification of this court's previous opinion. James W. Dalton and Mary M. Dalton, appellees, seek rehearing of this court's unpublished order granting attorney's fees to the Clearmans. We grant *325 the Clearmans' motion for clarification, deny their motion for rehearing, and grant the Daltons' motion for rehearing. Further, we withdraw the previous opinion and the order awarding the Clearmans' appellate fees, and substitute the following.
Because of differences between the parties arising out of a joint development agreement in North Carolina, the Clearmans recovered a judgment against the Daltons in the amount of $150,000 and domesticated that judgment in Florida. The Daltons filed for bankruptcy and indicated that there were two secured mortgages against their homesteadone in favor of their son, Donald, in the amount of $15,000 and the other in favor of Monticello Bank in the amount of $50,000. The mortgage to the son was never recorded and the mortgage to the bank, although recorded, was never delivered. Whether the Daltons listed these mortgages to convince the Trustee that there was no equity in the homestead or, as the Daltons now claim, they merely made a bad mistake, it is a fact that they never amended their bankruptcy petition to correct the "error."
The Trustee elected to avoid the liens under 11 U.S.C. § 544 and obtained an order from the Bankruptcy Court avoiding the mortgages, thus preserving the avoided obligations "for the benefit of the estate." The Trustee then assigned the mortgages to the Clearmans. In Orange County, the Clearmans recorded the assignment as well as the judgments avoiding the mortgages and preserving the avoided obligations for the benefit of the estate. The Clearmans then attempted to foreclose on the interest acquired from the Trustee. The Daltons counterclaimed to quiet title and for slander of title. The trial court not only denied the foreclosure petition, but found against the Clearmans on the Daltons' counterclaim for slander of title and awarded the Daltons attorney's fees, costs and prejudgment interest in the amount of $48,563.67. We affirm in part and reverse in part.
We agree with the trial court that even though the obligations evidenced by the avoided mortgages were preserved for the estate, 11 U.S.C. § 544 does not place the Trustee (or the Trustee's assignees) in the place of the former mortgagees with the power to foreclose and avoid the Daltons' homestead claim. The court was right in refusing to foreclose the claimed equitable mortgage. On that issue, we affirm.
We believe, however, that the bankruptcy estate did have an assignable interest in the mortgages subject to the Daltons' claim of homestead. And we believe that the assignees, who paid a fair price for the assignment, can assert their interest and require the Daltons to establish the fact of homestead. We do not believe that the filing of judgments entered by the Bankruptcy Court and affirmed by the United States District Court constitutes slander of title, even if the assignment of the estate's interest was in the nature of a quit claim deed. The Daltons willingly filed their bankruptcy petition and submitted their property, subject to provable exemptions, to the administration of the Bankruptcy Court. They cannot now complain if the assignee of the estate's interest requires that they prove their entitlement to the homestead exemption.

ATTORNEYS FEES
The trial court awarded the Daltons $48,563.67 in attorney's fees, costs and prejudgment interest, because they prevailed on the slander of title claim. We reverse the award because we have reversed the trial court's ruling in their favor, and thus they are no longer the prevailing parties on this issue.
Both parties have requested appellate attorney's fees. We deny both. The Daltons, having lost the slander of title issue on appeal, are therefore not entitled to a fee award. Further, the mortgage note in this case does contain an attorney's fees provision, the attorney's fees provision is not reciprocal. It only provides for an award of fees if the mortgagees (the Clearmans) prevail. Because the mortgage note predated the effective date of section 57.105(2), Florida Statutes, the statute did not operate to make the attorney's fee provision in the mortgage reciprocal. Had the Clearmans won on the foreclosure count, they would be entitled to fees, but the Daltons are not entitled to fees even though they did win.
*326 We also deny the Clearmans request for appellate fees. The Clearmans are not entitled to appellate attorney's fees although they were the prevailing parties on the slander of title claim. In a slander of title case, attorneys fees are available only to the plaintiff, should the plaintiff prevail, because attorneys fees are considered damages sustained in clearing the title. Since the Clearmans defended the claim, they incurred no damages in clearing title to real property. Therefore, the reversal of the slander of title portion of the judgment does not entitle the Clearmans to appellate fees. This would be the only basis for an award of fees since they lost on the other issues at trial and on appeal.
AFFIRMED in part; REVERSED in part, and REMANDED with instructions to withdraw the judgment and award relating to slander of title.
DAUKSCH, HARRIS and THOMPSON, JJ., concur.