730 So.2d 1261 (1998)
Allen GREEN, Petitioner,
v.
SUN HARBOR HOMEOWNERS' ASSOCIATION, INC., Respondent.
No. 89,911.
Supreme Court of Florida.
September 4, 1998.
Rehearing Denied November 17, 1998.
Steven G. Glickstein, Davie, for Petitioner.
Monica I. Salis, Fort Lauderdale, for Respondent.
WELLS, Judge.
We have for review Green v. Sun Harbor Homeowners' Association, Inc., 685 So.2d 23 (Fla. 4th DCA 1996), which certified conflict with Bruce v. Barcomb, 675 So.2d 219 (Fla. 2d DCA 1996), on the issue of whether a defendant must raise a claim for attorney fees prior to dismissal of the plaintiff's complaint when the time period to answer the complaint has not yet matured. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In January 1994, the respondent, Sun Harbor Homeowners' Association (Sun Harbor), filed a complaint against the petitioner, Allen Green (Green), a townhome owner in the Sun Harbor community, based on Green's alleged violation of Sun Harbor's Declaration of Covenants. The complaint included a prayer for attorney fees, stating that "[p]ursuant to ... the Declaration, the prevailing party is entitled to recover its costs and such reasonable attorneys' fees as may be awarded by the Court." In February, Green filed a motion to strike and dismiss the complaint, and in March, he filed a motion to compel discovery. Neither of Green's motions mentioned attorney fees. The trial court granted Green's motion to compel discovery, but the motion to strike and dismiss remained pending. In August, the trial court allowed Sun Harbor's counsel to withdraw from representation, and on October 31, 1994, Green's attorney wrote to Sun Harbor, which was then unrepresented, urging that the action be dismissed and providing that Green would be seeking attorney fees and costs if he were forced to continue his defense.[1]
In April 1995, Green moved to dismiss Sun Harbor's action for failure to prosecute, but the motion did not mention attorney fees. Sun Harbor originally opposed the motion, asserting that there were ongoing settlement negotiations which should have precluded dismissal for failure to prosecute, but it subsequently agreed to an order dismissing Sun *1262 Harbor's action pursuant to rule 1.420(b).[2] Such order was also silent as to attorney fees.
Two weeks later, Green moved for attorney fees under the Declaration of Covenants upon which he had been sued, arguing that he was the prevailing party entitled to such fees. However, the trial court denied the motion based on Stockman v. Downs, 573 So.2d 835 (Fla.1991), finding that Green did not plead or otherwise raise a claim for attorney fees until after entry of the dismissal. Subsequently, the Fourth District Court of Appeal affirmed the trial court's ruling, finding that Green failed to meet the requirements of Stockman because he had not put attorney fees into issue by motion or pleading before entry of the order of dismissal. See Green, 685 So.2d at 24-25. In so ruling, the Fourth District certified conflict with Bruce. In Bruce, the Second District Court of Appeal found that nothing in Stockman prevents a defendant from moving for attorney fees following a plaintiffs voluntary dismissal filed before the defendant is required to file an answer. Bruce, 675 So.2d at 221. The Fourth District also found that Green's October 31 letter to Sun Harbor mentioning attorney fees failed to satisfy Stockman because it was not a record filing and did not provide any statutory or contractual basis for fees. See id. The dissent in Green cited Bruce for the proposition that Green should not have been precluded from raising a claim for attorney fees because the time period to answer the complaint had not yet matured. See Green, 685 So.2d at 25 (Hauser, J., dissenting).
We granted review based on the certified conflict. For the reasons expressed herein, we quash the decision below holding that Green may not recover attorney fees in the present case. We approve the Second District's decision in Bruce and adopt the view of the dissent of Associate Judge Hauser.
In Stockman, the plaintiff filed a complaint which raised a claim for contractual attorney fees, and the defendants filed an answer which did not raise a claim for such fees. See Stockman, 573 So.2d at 836. The defendants later moved for contractual attorney fees after the trial court entered final judgment in their favor, but the trial court denied their motion. See id. After the Fourth District reversed the trial court's decision, this Court accepted review based on a certified question.[3] In answering the certified question in the negative and quashing the Fourth District's decision, this Court set forth the general rule governing claims for attorney fees, stating, "Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim." Id. at 837-38 (emphasis added).
This case presents a situation different from that in Stockman. In Stockman, there had been a responsive pleading (an answer) and also a trial before the defendant moved for attorney fees. In this case, there had been only a complaint and a motion to dismiss before the defendant moved for attorney fees. This case had not proceeded to the point at which the defendant was required to answer. Holding that a claim for attorney fees had to be filed in the defendant's motion to dismiss before the defendant was required to answer the complaint is an inaccurate reading of the "must be pled" language in Stockman. Because the defendant had not "pled" at the time the action was dismissed, the defendant's failure to file a claim for attorney fees in his motion to dismiss is not considered to be a waiver of his entitlement to attorney fees.
The Fourth District's majority decided that when this Court stated in Stockman that *1263 a claim for attorney fees must be "pled," the term was not used in its technical sense and did include motions. This is erroneous. This Court's use of the phrase "must be pled" is to be construed in accord with the Florida Rules of Civil Procedure. Complaints, answers, and counterclaims are pleadings pursuant to Florida Rule of Civil Procedure 1.100(a). A motion to dismiss is not a pleading. Stockman is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver. However, the failure to set forth a claim for attorney fees in a motion does not constitute a waiver.[4] Until a rule is approved for cases that are dismissed before the filing of an answer, we require that a defendant's claim for attorney fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action. If the claim is not made within this time period, the claim is waived.
Accordingly, we quash the decision below, approve Bruce and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN and ANSTEAD, JJ., concur.
HARDING, C.J., concurs with an opinion.
OVERTON, J., dissents with an opinion, in which SHAW, J., concurs.
HARDING, Chief Justice, concurring.
I agree with the majority that this Court's holding in Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991), does not control the present case because Green was not yet required to file a responsive pleading before Sun Harbor's action against him was dismissed. Therefore, I agree that the Fourth District's decision in Green v. Sun Harbor Homeowners' Association, Inc., 685 So.2d 23 (Fla. 4th DCA 1996), should be quashed and the Second District's decision in Bruce v. Barcomb, 675 So.2d 219 (Fla. 2d DCA 1996), should be approved.[5] I write only to express my concern over the lack of notice of attorney's fees in the present case.
In Stockman, this Court stated that notice is "the fundamental concern" in relation to a claim for attorney's fees. See 573 So.2d at 837. Such notice is important because "the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle." Id. In the present case, over one year and three months elapsed between the time Sun Harbor filed its complaint and the time Green moved to dismiss for failure to prosecute. During that span of time, Green failed to adequately notify[6] Sun Harbor that he would be seeking attorney's fees under Sun Harbor's Declaration of Covenants. Thus, even though I agree with the majority that under current law Green did not waive his claim for attorney's fees by not including such a claim *1264 in any of his pre-dismissal motions, I stress that future litigants should not be allowed to circumvent this Court's fundamental concern in Stockman merely because a responsive pleading has yet to be filed. Accordingly, I urge the Civil Procedure Rules Committee to formulate a workable rule governing claims for attorney's fees that will be applicable in situations such as the one presented in this case.
OVERTON, Justice, dissenting.
I dissent because of the lack of notice. I find it fundamentally unfair to make a claim for attorney fees after the cause has been adjudicated on the merits whether it was by motion to dismiss, motion for summary judgment, motion for judgment on the pleadings, or a judgment entered after an evidentiary hearing.
SHAW, J., concurs.
NOTES
[1] The relevant portion of the letter provided the following:

Should we be forced to continue with this law suit we will then be seeking damages and attorneys' fees and costs from the association. Further, should we find during the course of our discovery that any of the Board of Directors or any prior Board of Director members were personally involved in a vendetta against my client then we will be seeking punitive damages against the Board of Directors and those individuals as well as other damages to which we would normally be entitled.
[2] We agree with the decision below that an agreed order of dismissal pursuant to rule 1.420(b) constituted an adjudication on the merits. Rule 1.420(b) provides that unless otherwise specified, a dismissal under its provisions operates as an adjudication on the merits, and the order entered in the present case did not otherwise specify. Of course, a dismissal pursuant to rule 1.420(e) is without prejudice.
[3] The certified question stated the following:

May a prevailing party recover attorney's fees authorized in a statute or contract by a motion filed within a reasonable time after entry of a final judgment, which motion raises the issue of that party's entitlement to attorney's fees for the first time?
Stockman, 573 So.2d at 836.
[4] We do refer to the Civil Procedure Rules Committee the question of whether there should be included in the Florida Rules of Civil Procedure a specific rule pertaining to claiming attorney fees.
[5] I also note that the Court's determination here overrules the First District's decision in D.S. Ware Co. v. Green, 696 So.2d 959, 961 (Fla. 1st DCA 1997), to the extent that it is inconsistent with the ruling in this case.
[6] The fact that Green sought attorney's fees under the same Declaration of Covenants as Sun Harbor did not constitute adequate notice of Green's claim for attorney's fees. See Stockman, 573 So.2d at 838 (finding mere fact that plaintiff sought attorney's fees under same contractual provision as defendant did not provide plaintiff with sufficient notice that defendant would seek attorney's fees under same provision); see also Vie-A-Mer, Ltd. v. S. Toub & Assocs., 684 So.2d 216, 217 (Fla. 2d DCA 1996); Res Panel Refrigeration Corp. v. Bill Collins Refrigeration Servs., Inc., 636 So.2d 569, 570 (Fla. 3d DCA 1994). In addition, Green's October 31, 1994 letter to Sun Harbor mentioning attorney's fees did not constitute adequate notice because it was not in the record before the trial court at the time Green moved for attorney's fees, cf., e.g., Department of Health & Rehabilitative Servs. v. Coyle, 624 So.2d 400, 401 (Fla. 5th DCA 1993); Brown v. Gardens by the Sea South Condominium Ass'n, 424 So.2d 181, 183 (Fla. 4th DCA 1983); Mainlands of Tamarac by Gulf Unit No. Four Ass'n, Inc. v. Morris, 388 So.2d 226, 227 (Fla. 2d DCA 1980), and it did not provide the authority under which such fees would be sought. See, e.g., Dealers Ins. Co. v. Haidco Inv. Enter., Inc., 638 So.2d 127, 129-30 (Fla. 3d DCA 1994); Res Panel Refrigeration Corp., 636 So.2d at 570.