731 So.2d 137 (1999)
Dale R. LANDRY and wife, Ulrike P. Landry, Appellants,
v.
COUNTRYWIDE HOME LOANS, INC., Appellee.
No. 98-1594.
District Court of Appeal of Florida, First District.
April 27, 1999.
Douglas L. Smith and David M. Noll of Burke & Blue, P. A., Panama City, for Appellants.
Michael W. Udowychenko of Butler & Hosch, P.A., Orlando, for Appellee.
JOANOS, J.
Dale R. and Ulrike P. Landry (appellants) appeal the trial court's denial of an award of attorney's fees, after Countrywide Home Loans, Inc. (Countrywide) voluntarily dismissed its complaint for mortgage foreclosure against appellants. Appellants contend the trial court abused its discretion in refusing to award them an attorney's fee in accordance with the provisions of section 57.105(2), Florida Statutes (1995). We agree, and reverse the denial of appellants' claim for attorney's fees.
The record reflects that on January 31, 1994, appellant Dale Landry obtained a Veterans' Administration (VA) loan from AmSouth Bank for the purchase of residential real property. On November 29, 1994, AmSouth Bank sold the note and mortgage to Countrywide. Subsequently, Countrywide filed a complaint to foreclose the mortgage. On June 2, 1997, appellants *138 filed their answer and affirmative defenses, with attached exhibits. Appellants claimed, among other things, that Countrywide was estopped from seeking a foreclosure judgment because it repeatedly refused to accept the amounts claimed to be due prior to acceleration. The concluding paragraph of appellants' pleading states in pertinent part:
... [Landry] respectfully prays ... for an award of attorneys' fees and costs from Plaintiff pursuant to Section 57.105(2), Fla.Stat. (1995), ...
The attachments to appellants' answer and affirmative defenses reveal that when appellants failed to make the December 1, 1996, mortgage payment, Countrywide rejected their payment made in January. In a letter dated February 18, 1997, Countrywide advised appellants they had the right to cure the default. Countrywide further advised: "To cure your default, you must, on or before March 25, 1997, pay Countrywide the amount of $1,861.80 plus any additional regular monthly payment(s), late charges, fees and charges which will become due on or before March 25, 1997." In February, Zella Landry, Dale Landry's mother, sent three money orders totaling $1,861.80 to Countrywide.
In a letter dated February 21, 1997, Countrywide advised Dale Landry that the amount remitted did not represent the total amount then due, i.e., $1,884.30. Then, in a letter dated March 6, 1997, Countrywide advised it was returning the funds tendered to settle the account because the amount remitted did not represent the total amount due to bring the account current, i.e., $2,485.80. Zella Landry responded by sending a cashier's check to Countrywide. The check dated March 24, 1997, was made payable to Countrywide in the amount of $2,485.80.
The next correspondence from Countrywide was dated April 1, 1997. In this communication, Countrywide advised appellants that the amount remitted did not represent the total amount due, and that a remittance of $3,100.36 was due to bring the account current. On April 10, Zella Landry sent a cashier's check in the amount of $3,100.36 to Countrywide. This payment was sent by certified mail; the return receipt indicates the check was received by Countrywide on April 16, 1997.
In two separate letters dated May 2, 1997, Countrywide advised appellants it was returning the certified check in the amount of $3,100.36. Countrywide further advised the loan was the subject of foreclosure proceedings, and payment of the total amount due would have to be made to reinstate the loan. Shortly thereafter, Countrywide filed requests for admissions, and its response to appellants' affirmative defenses. In their responses to the requests for admissions, appellants admitted payments for December 1996 and January 1997 were not timely, but denied that the untimely payments were not cured in full. Appellants asserted that months prior to the filing of the complaint, the late payments had been cured in full in the amounts requested by Countrywide.
On October 29, 1997, appellants filed a motion for summary judgment with exhibits attached. Dale Landry also filed an affidavit with an exhibit attached. Appellants alleged that each time they attempted to comply with the provisions established by Countrywide to cure a technical default, Countrywide changed the terms and would not accept appellants' reinstatement payments. Appellants further alleged the loan had been made current, and Countrywide was liable to appellants for costs and attorney's fees incurred in opposing the wrongful foreclosure. In accordance with their allegations, appellants sought entry of an order granting summary judgment in their favor, an award of attorney's fees and costs, and asked the trial court to require Countrywide to file a report with credit reporting agencies to establish that appellants were blameless with respect to the foreclosure action.
Dale Landry's affidavit sets forth a chronology of appellants' many efforts to cure *139 the alleged default, in accordance with the terms specified by Countrywide. The exhibit attached to the Landry affidavit is a copy of a letter dated May 15, 1996, from Countrywide to Dale R. Landry. This letter states:
On 01-02-96 your payment in the amount of $600.00 was applied to another account. This error has been corrected and your account has been properly credited. We have removed all late charges assessed as a result of this error.
The payment was received on time and the account was not delinquent at that point. It should also be noted that this error may have caused an appearance of subsequent delinquencies that did not actually exist.
On November 7, 1997, appellants filed a motion to tax costs and award attorneys' fees. As grounds therefor, appellants alleged that Countrywide dismissed its complaint while defendants' motion for summary judgment was still pending. On November 10, 1997, Countrywide filed a motion to strike the motion for summary judgment, and a voluntary dismissal and release of lis pendens. Countrywide alleged that appellants failed to properly plead for an award of costs and fees in their answer and affirmative defenses, and thus waived their claim.
At the hearing on the outstanding motions, the trial court questioned the basis for an award of court costs and attorney's fees in a foreclosure action. Appellants' counsel advised that appellants were entitled to attorney's fees under the reciprocity provisions of section 57.105(2), Florida Statutes. The trial court was of the view that a voluntary dismissal of a mortgage foreclosure action did not entitle the parties opposing foreclosure to an award of attorney's fees. The court further found the award of an attorney's fee under section 57.105(2) was a matter of discretion. In light of its findings, the court issued an order dismissing the summary judgment motion as moot, granting appellants' motion to tax costs, but denying appellant's motion for an award of attorney's fees.
The statute applicable, section 57.105(2), Florida Statutes (1995), provides:
(2) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This act shall take effect October 1, 1988, and shall apply to contracts entered into on said date or thereafter.
The mortgage note underlying this proceeding was executed January 31, 1994, after the effective date of the statute. Therefore, the note is subject to the reciprocal provisions of section 57.105(2). See Clearman v. Dalton, 708 So.2d 324, 325 (Fla. 5th DCA 1998); Res Panel Refrigeration Corp. v. Bill Collins Refrigeration Services, Inc., 636 So.2d 569, 570 (Fla. 3d DCA 1994). The mortgage note states in pertinent part:
In the event of default in the payment of this note, and if the same is collected by an attorney at law, the undersigned hereby agree(s) to pay all costs of collection, including a reasonable attorney's fee.
The general rule is that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." See Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla.1990). Further, "[i]t is well established that attorney's fees are properly awarded after a voluntary dismissal where such award is provided for by statute or agreement of the parties." See Century Construction Corp. v. Koss, 559 So.2d 611, 612 (Fla. 1st DCA), review denied, 574 So.2d 141 (Fla.1990). See also Boca Airport, Inc. v. Roll-N-Roaster of Boca, Inc., 690 So.2d 640, 641 (Fla. 4th DCA), review dism'd, 698 So.2d 543 (Fla. 1997)("for purposes of a prevailing party attorney's fees statute, a voluntary dismissal *140 by the claimant makes the opposing party a `prevailing party' as to the issue of entitlement to fees").
Whether based on contract or statute, a claim for attorney's fees must be pled. "Failure to do so constitutes a waiver of the claim." See Green v. Sun Harbor Homeowners' Assoc., Inc., 730 So.2d 1261, 1262 (Fla.1998) [23 Fla. L. Weekly S438, S439], citing Stockman v. Downs, 573 So.2d 835, 837-838 (Fla.1991). In Green, the supreme court instructed that the "must be pled" language in Stockman is to be construed in accordance with the Florida Rules of Civil Procedure. Pursuant to rule 1.100(a), complaints, answers, and counterclaims are pleadings. The court further directed:

Stockman is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counter-claim, if filed, constitutes a waiver. However, the failure to set forth a claim for attorney fees in a motion does not constitute a waiver. [footnote omitted] Until a rule is approved for cases that are dismissed before the filing of an answer, we require that a defendant's claim for attorney fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action. If the claim is not made within this time period, the claim is waived.
See Green, 23 Fla. L. Weekly at S439, 730 So.2d at 1262-63, 1998 WL 558989.
Appellants in this case raised their initial claim for attorney's fees in the prayer portion of their answer and affirmative defenses to Countrywide's complaint. Their claim was not phrased in the general terms deemed deficient in Dealers Insurance v. Haidco Investment Enterprises, 638 So.2d 127, 129 (Fla. 3d DCA 1994). Rather, appellants' initial request for attorney's fees was set forth in their answer with a specific reference to the applicable statute, and, by implication, to the contract, upon which the claim was based. Appellants repeated their request for attorney's fees in the body of their motion for summary judgment and in the prayer portion of the motion, albeit without further reference to the statutory authority upon which the claim was based. In the circumstances, we reject Countrywide's assertion that the claim for attorney's fees was not properly pled.
The trial court's denial of a prevailing party attorney's fee was based, in part, on the court's finding that the decision whether to award an attorney's fee under section 57.105(2) is a matter of discretion. We recognize that section 57.105(2) uses the permissive "may" with regard to the trial court's ability to award a prevailing party attorney's fee. However, we believe the discretion granted by use of "may" pertains to the determination of a prevailing party in an action founded on a contract. See Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997). Once the prevailing party determination has been made, we believe section 57.105(2) "now mandates that contractual attorney's fees provisions be reciprocal obligations." See Jakobi v. Kings Creek Village Townhouse Ass'n, 665 So.2d 325, 326 (Fla. 3d DCA 1995). See also Oakwood Plaza, L.P. v. D.O.C. Optics Corp., 708 So.2d 959, 960 (Fla. 4th DCA), review denied by D.O.C. Optics Corp. v. Oakwood Plaza, L.P., No. 93,290, 725 So.2d 1107 (Fla. Sept.30, 1998)(unless defendant was not the prevailing party due to plaintiffs refiling its action, petitioner entitled to attorney's fees as prevailing party where plaintiff voluntarily dismissed its suit); Lanahan Lumber Company, Inc. v. McDevitt & Street Company, 611 So.2d 591, 592 n. 1 (Fla. 4th DCA 1993)("The intent of § 57.105(2) is to provide mutuality of attorney's fees as a remedy in contract cases.").
In the instant case, appellants specifically requested attorney's fees pursuant to section 57.105(2) in their answer to Countrywide's complaint. Countrywide voluntarily dismissed the complaint with *141 no suggestion of any intent to refile the action. By virtue of the voluntary dismissal, appellants are the prevailing parties.[1]See Thornber v. City of Ft. Walton Beach. Pursuant to section 57.105(2), the contractual attorney's fee provisions included in the underlying mortgage note are reciprocal obligations. Therefore, we conclude the trial court abused its discretion in denying appellants' request for attorney's fees.
Accordingly, the order denying attorney's fees is reversed, and this cause is remanded for further proceedings.
BARFIELD, C.J. and ERVIN, J., CONCUR.
NOTES
[1] Moreover, it appears the trial court implicitly recognized appellants' prevailing party status in its award of costs.