971 So.2d 279 (2008)
STOLPER, LLC, Appellant,
v.
Herman JEFFER, Appellee.
No. 4D05-3230.
District Court of Appeal of Florida, Fourth District.
January 9, 2008.
Eric C. Christu and Edward J. Welch of Elk, Bankier, Christu & Bakst LLP, West Palm Beach, for appellant.
Herman Jeffer, Tequesta, pro se.
POLEN, J.
Appellant Stolper, LLC timely appeals the trial court's order denying its motion for attorney's fees. We reverse.
Appellee Herman Jeffer filed a complaint against Stolper for collection of a promissory note. The complaint was voluntarily dismissed before an answer was filed by Stolper, but after the answer was due. Stolper filed a motion for attorney's fees and costs within 30 days after the dismissal.
In Stockman v. Downs, 573 So.2d 835 (Fla.1991), the Supreme Court of Florida answered in the negative the following question certified by this court to be of great public importance:
May a prevailing party recover attorney's fees authorized in a statute or contract by a motion filed within a reasonable time after entry of a final judgment, which motion raises the issue of *280 that party's entitlement to attorney's fees for the first time?
Stockman, 573 So.2d at 836. The fundamental concern was one of notice. Id. at 837. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Id. (citing 40 Fla. Jur. 2d Pleadings § 2 (1982)).
The court held that a claim for attorney's fees, whether based on statute or contract, must be pled. Id. The court later clarified that the phrase "must be pled" is to be construed in accord with the Florida Rules of Civil Procedure. Green v. Sun Harbor Homeowners' Ass'n, 730 So.2d 1261, 1263 (Fla.1998). "Complaints, answers, and counterclaims are pleadings pursuant to Fla. R. Civ. P. 1.100(a)." Id. Stockman is to be read to hold that the failure to set forth a claim for attorney's fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver. Id.
In Green, however, the court stated that the failure to set forth a claim for attorney's fees in a motion does not constitute a waiver. Id. The court stated:
Until a rule is approved for cases that are dismissed before the filing of an answer, we require that a defendant's claim for attorney's fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action. If the claim is not made within this time period, the claim is waived.
Id.
Stolper argues that it has complied with the language in Green by filing a motion for attorney's fees within 30 days of the voluntary dismissal. This court agrees. We reverse and remand with instructions that the trial court reconsider Stolper's motion for attorney's fees.
Reversed and remanded with instructions.
KLEIN and MAY, JJ., concur.