DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRENCH VILLAGE CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**KEVIN B. FLYNN** and **STACEY DEVER,**
Appellees.

No. 4D2024-0680

[February 12, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502022SC019765.

Forrest L. Andrews of Lydecker LLP, Miami, for appellant.

No brief filed for appellees.

GROSS, J.

A condominium association, having obtained a judgment in its favor, now appeals the denial of its motion for attorney's fees. We reverse, holding that the association did not waive its claim for attorney's fees, as it was not required to file a responsive pleading in a small claims case, and it preserved its claim for fees in a motion to dismiss the original statement of claim and again in a separate, timely-filed post-judgment motion.

Kevin Flynn and Stacey Dever ("plaintiffs") filed a small claims statement of claim against French Village Condominium Association, Inc., asserting counts for breach of contract and unjust enrichment. They alleged that French Village failed to maintain the common elements of the condominium, causing two incidents of water intrusion into their condominium unit.

French Village moved to dismiss the statement of claim, asserting within its motion that it was entitled to recover prevailing party attorney's fees and costs.

The county court granted the motion and dismissed the case without prejudice. On the same day, the plaintiffs filed an amended statement of claim.

French Village later moved to invoke the Rules of Civil Procedure, but the trial court denied the motion. Therefore, under Florida Small Claims Rule 7.090(c), no defensive pleading was necessary.

French Village neither answered nor moved to dismiss the amended statement of claim. Instead, it moved for summary disposition under Florida Small Claims Rule 7.135.

The county court granted the motion for summary disposition and entered final judgment in favor of French Village.

French Village timely moved for attorney's fees and costs. It asserted entitlement to fees and costs pursuant to Section 718.303(1), Florida Statutes (2024), and Article XXXI, Section 3 of French Village's Declaration of Condominium.

At the fee hearing, the plaintiffs' primary opposition to the fee motion was that "after [the Plaintiffs] filed [the] Amended Statement of Claim, at no time did the Defendant make any claim for attorney's fees in any pleading filed on the docket."

The county court denied the motion for attorney's fees.

On appeal, French Village correctly argues that, under controlling Florida Supreme Court precedent, it properly advanced its claim for attorney's fees by including the required notice in its motion to dismiss and again by filing a motion for fees within thirty days following the final judgment.

*Discussion*

The Florida Supreme Court held in *Stockman v. Downs*, 573 So. 2d 835, 837–38 (Fla. 1991), that "a claim for attorney's fees, whether based on statute or contract, must be pled" and that a "[f]ailure to do so constitutes a waiver of the claim."

In *Green v. Sun Harbor Homeowners' Ass'n*, 730 So. 2d 1261 (Fla. 1998), the Florida Supreme Court faced a situation where the party seeking fees was not required by rules of procedure to file a pleading, and it elaborated on what was necessary to preserve a claim for fees.

2

The issue presented in *Green* was "whether a defendant must raise a claim for attorney fees prior to dismissal of the plaintiff's complaint when the time period to answer the complaint has not yet matured." *Id.* at 1261. In analyzing this issue, the court explained that *Stockman*'s use of the phrase "must be pled" is to be construed in accordance with Florida Rule of Civil Procedure 1.100(a), which refers to filings such as complaints, answers, and counterclaims. *Id.* at 1263.

Because a motion to dismiss is not a pleading, *Green* clarified that "*Stockman* is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, *if filed*, constitutes a waiver." *Id.* (emphasis added). But "the failure to set forth a claim for attorney fees in a motion does not constitute a waiver." *Id.* Thus, when a case is dismissed before the filing of an answer, "a defendant's claim for attorney fees is to be made either in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action." *Id.*

We applied *Green* in *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1164 (Fla. 4th DCA 2011), holding that a defendant did not waive her entitlement to attorney's fees by failing to seek those fees in her motion to dismiss. We explained: "It was proper for her to seek attorney's fees in a motion filed after the entry of the dismissal without prejudice, because she had not yet filed a responsive pleading." *Id.*

Here, French Village did not waive its claim for attorney's fees. French Village never filed a responsive pleading, as the Small Claims Rules did not require it to do so. Thus, French Village never filed a pleading in which it was required by *Stockman* to assert a claim for fees. Under *Green*'s reasoning, because the case was adjudicated without the filing of an answer, French Village had the option of making its fees claim either (1) in a motion to dismiss or similar motion under rule 7.135 or (2) in a separate motion filed within thirty days following the disposition of the action. French Village did both in this case.

Because French Village was never required to file a responsive pleading, it properly advanced its claim for attorney's fees both in its motion to dismiss the original statement of claim and again in its motion for fees filed within thirty days of the final judgment.

The two circuit court opinions cited by the plaintiffs below do not change the result.

The first case, *Kutner v. Carmack,* 28 Fla. L. Weekly Supp. 994 (Fla. 15th Cir. Ct. Dec. 2, 2020), held that it was error for the small claims court to award the plaintiff his attorney's fees because the plaintiff had not pled a claim for attorney's fees prior to entry of the final judgment. *Kutner* is distinguishable from this case because the plaintiff there did not plead a claim for attorney's fees in his statement of claim. In other words, *Kutner* falls under the *Stockman* rule because the plaintiff filed a pleading in which he failed to assert a claim for fees.

The second case, *Ringhaver Equipment Co. v. White Rose Nursery, Ltd.*, 4 Fla. L. Weekly Supp. 374a (Fla. 13th Cir. Ct. Dec. 4, 1996), held that a defendant's "failure to affirmatively plead entitlement to attorney's fees" in a small claims case constituted a waiver of the claim, even though the defendant was not required to file a defensive pleading. However, *Ringhaver* predates *Green*, so that court did not have the benefit of the Florida Supreme Court's clarification of the procedure to be followed where no pleading is required of a defendant. For this reason, we choose not to follow *Ringhaver*.

We reverse the order denying French Village's motion for attorney's fees and remand to the county court for further proceedings.

*Reversed and remanded.*

WARNER and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**