# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0470
Lower Tribunal No. 22-14075-SP-25
_____

**Melissa Woodman, et al.,**
Appellants,

vs.

**Brickell Mar, LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Jacqueline Woodward, Judge.

Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller, for appellants.

Welbaum Guernsey, and Robert J. Black, for appellee.

Before LOGUE, GORDO and BOKOR, JJ.

GORDO, J.

Melissa Woodman and Timothy Enriquez ("Appellants") appeal the trial court's denial of their motion for attorney's fees and costs following Brickell Mar, LLC's, ("Brickell Mar") voluntary dismissal of its claim in the Small Claims Division against the Appellants. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand.

The trial court in this case applied Stockman v. Downs, 573 So. 2d 835, 837–838 (Fla. 1991), and determined the Appellants failed to properly place Brickell Mar on notice of the intent to claim attorney's fees. This case is instead controlled by Green v. Sun Harbor Homeowners' Ass'n, 730 So. 2d 1261 (Fla. 1998) and French Vill. Condo. Ass'n., Inc. v. Flynn, 403 So. 3d 854 (Fla. 4th DCA 2025).

"This case presents a situation different from that in Stockman." Green, 730 So. 2d at 1262. "In Stockman, there had been a responsive pleading (an answer) and also a trial before the defendant moved for attorney fees." Id. "In this case, there had been only a complaint and a motion to dismiss before the defendant moved for attorney fees." Id. "This case had not proceeded to the point at which the defendant was required to answer." Id. "A motion to dismiss is not a pleading." Id. at 1263. "[T]he failure to set forth a claim for attorney fees in a motion does not constitute a waiver." Id. "[W]e require that a defendant's claim for attorney fees is to be made either

2

in the defendant's motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action." <u>Green</u>, 730 So. 2d at 1263; <u>French Vill. Condo. Ass'n., Inc.</u>, 403 So. 3d at 856. Because the Appellants were not required to file a responsive pleading and they properly advanced their claim for attorney's fees within thirty days of the final judgment, we reverse the trial court's decision and remand for further proceedings.

Reversed and remanded.